Argued and submitted August 22, affirmed October 20,
reconsideration denied November 25,
petition for review denied December 9, 1980 (290 Or 211)

# STATE OF OREGON,
*Respondent,*

*v.*

# GERALD PATRICK SHERMAN,
*Appellant.*

## (No. CT 79-6329, CA 17591)

618 P2d 973

Martin E. Stone, Coquille, argued the cause for appellant. With him on the brief was Slack, Slack and Stone, Coquille.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and Wiliam F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

BUTTLER, J.

Defendant appeals his conviction for driving while suspended, ORS 487.560, asserting that there was insufficient evidence to support his conviction. We conclude that there was, and affirm.

■ Defendant's principal contention is that the trial court erred in receiving into evidence[1] a printout of defendant's driving record contained in the Motor Vehicles Division's computer, certified by the administrator to be a "correct transcript of the specified data as contained within the data processing device or computer." The printout indicated that an Order of Suspension, effective August 13, 1979, was still in effect on October 13, 1979, the date defendant was cited for driving while suspended. The printout stated, in pertinent part:

"MOTOR VEHICLE DIVISION

93506

10/18/79
*****

**Driving Record Entries**

*****

SUSP 08/13/79 INDEF   F/F PRF          REIN 00/00/00
     STATUS:  SUSPENDED
*****

SUSP 10/14/79 INDEF  F COMPLY D-COOS  REIN 00/00/00
     STATUS:  SUSPENDED

---

[1] The state introduced a certified copy of the Order of Suspension containing the added notation that "our records reveal this order was in full effect on 10-13-79." Defendant correctly contends under *State v. Harris,* 288 Or 703, 609 P2d 798 (1980), that notation constitutes inadmissible hearsay evidence. That document should not have been admitted. However, a second copy of the Order with the quoted notation deleted was also admitted into evidence, and the trial court clearly indicated that it did not rely on the challenged notation in reaching its judgment. Therefore, any error which may have been committed was harmless. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

\*\*\*\*\*
STATUS ON 10/18/79 SUSPENDED   F COMPLY
\*\*\*\*\*\*."

Transcripts of entries in official records stored within either a data processing device or computer are, if properly certified, admissible as primary evidence of the facts stated. *State v. Harris,* 288 Or 703, 609 P2d 798 (1980); ORS 43.370, 43.470(2).[2] This statutory exception to the common law hearsay rule applies to entries in official records made by a public officer in the performance of his duty or by another person in the performance of a duty "specially enjoined" by the law. ORS 43.370.

■     Defendant's license was suspended for failure to furnish proof of future financial responsibility. The Motor Vehicles Division is required by ORS 486.054[3]

---

[2] ORS 43.370:

"Entries in public or other official records, including books, data processing devices and computers, made by a public officer of this state or the United States in the performance of his duty or by another person in the performance of a duty specially enjoined by the law of either, are primary evidence of the facts stated."

ORS 43.470(2):

"(2) Whenever a transcript of a public writing stored in machine language in a data processing device or computer is certified to be used as evidence, it shall be stated by the certifying officer that it is a correct transcript of specified data contained within the data processing device or computer.

[3] ORS 486.054 (as amended 1979):

"(1) For each person subject to this chapter the division shall maintain a two-part operating record consisting of an employment driving record and a nonemployment driving record.

"(2) The employment driving record shall include all motor vehicle accidents in which the person is involved and all convictions of the person for violation of the motor vehicle laws, except convictions of offenses described in ORS 482.430, while the person is driving:

"(a) Under circumstances requiring the person to be licensed as a chauffeur;

"(b) A motor vehicle in the course of the person's employment in the collection, transportation or delivery of mail if the vehicle is government owned or marked for the collection, transportation or delivery of mail in accordance with government rules; or

to maintain a driving record for each person who is to file proof of future responsibility. A logical portion of such a driving record is a status report regarding previous entries, i.e., an entry noting the presence or absence of change in the record. Thus, the entries regarding the status of defendant's license were made in the performance of a duty "specially enjoined" by the law. Furthermore, an entry in the record indicating that a suspended license remains in suspension is not, as defendant contends, a summary of the record. *See State v. Harris, supra,* 280 Or at 707. Rather, it is an official entry stating that there has been no change in that suspension as of that date. For these reasons, we conclude that the certified computer printout was properly admitted.

■     The trial court was entitled to find from reading the printout that defendant's license had not been reinstated because: (1) no reinstatement date appeared ("REIN 00/00/00"), and (2) the status of defendant's license on October 14 and 18, 1979, was listed as suspended for failure to comply with the financial responsibility laws ("STATUS ON 10/18/79 SUSPENDED F COMPLY"). The printout, coupled with the Order of Suspension, constituted sufficient evidence for the trial court to find that on October 13, 1979, defendant was driving at a time when his license to do so was suspended.

Affirmed.

---

"(c) An authorized emergency vehicle as defined in ORS 487.005.

"(3) The nonemployment driving record shall include the person's motor vehicle accidents and convictions for violation of the motor vehicle laws other than those included in the employment driving record."