Argued and submitted April 8, affirmed July 27, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# ADOLPH PALOMINO,
*Appellant.*

(C 80-01-30231; CA 18383)

631 P2d 802

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R.

McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden, J.,* and Warren, J.

BUTTLER, P. J.

---

\* Joseph, C. J., *vice* Warden, J.

## BUTTLER, P. J.

Defendant appeals his conviction of driving while suspended, ORS 487.560(6)(f),[1] a felony, contending only that his motion to suppress and exclude as evidence two suspension orders was improperly denied. We affirm.

Defendant's contention is that the suspension orders were invalid because they failed to mention his right to a presuspension hearing, which notification, he contends, is constitutionally and statutorily required. It is problematic whether defendant may raise the question because he was not entitled to raise the affirmative defense of "no notice"; he had moved and had not informed the Motor Vehicles Division in writing of his change in address as required by ORS 482.290(3).[2] ORS 487.560(3)(b).[3]

■     Assuming that a fatally defective notice may obviate the incapacity to raise the affirmative defense of "no notice," one of the suspension orders resulted from defendant's third conviction for driving under the influence of

---

[1] ORS 487.560(6)(f) provides:

"* * * * *

"(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of a finding that the person is an habitual traffic offender under ORS 484.730 or of a conviction for any of the following offenses:

"* * * * *

"(f) Driving while under the influence of intoxicants."

[2] ORS 482.290(3) provides, so far as relevant:

"(3) Persons licensed as operators or combined operator-chauffeurs under this chapter shall notify the division of any change of residence from that noted on their license as issued by the division. Notice shall be given by mail or in person within 30 days after the date of the change. The notice shall be written and shall indicate the old and new residence address and the number of the license held. Upon receiving the notice, the division shall note the change of address on its records. * * *"

[3] ORS 487.560(3)(b) provides:

"(3) The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"* * * * *

"(b) The notice could not be delivered to the defendant because he had not notified the division of his address or a change in his residence as required by subsection (3) of ORS 482.290; * * *."

intoxicants within a five-year period. ORS 486.430(3).[4] There is no statutory or constitutional requirement for a presuspension hearing, or notice thereof, for a mandatory suspension under that statute. The notice statute on which defendant relies, ORS 486.221, is limited to suspensions under ORS 486.046, 486.211 and 486.251.

Defendant relies on *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), in support of his claim that procedural due process requires that a licensee receive notice and hearing before his driver's license is suspended. *Bell* has been substantially limited by subsequent cases, including *Dixon v. Love,* 431 US 105, 97 S Ct 1723, 52 L Ed 2d 172 (1977), in which the court held no such notice or hearing was required for summary revocation based on habitual violation of traffic laws. *See also, Mackey v. Montrym,* 443 US 1, 99 S Ct 2612, 61 L Ed 2d 321 (1979); *Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976).

■ Accordingly, regardless of whether the first suspension order was admissible, the mandatory suspension order under ORS 482.430(3) was admissible, and that order alone is sufficient to sustain defendant's conviction.

Affirmed.

---

[4] ORS 482.430(3) provides:

"(3) The division forthwith shall suspend any person's permit or license to operate motor vehicles upon receiving a record of the conviction of the person for driving under the influence of intoxicants when the conviction is the second or subsequent conviction within a five-year period. The period of suspension shall be one year for a second conviction and three years for the third or subsequent conviction within a five-year period."