STATE OF OREGON,
*Respondent,*

*v.*

TODD CASWELL,
*Appellant.*

(No. 78-38195, CA 18200)

633 P2d 24

Kathryn A. Wood, Public Defender Services, Eugene, argued the cause and filed the brief for appellant.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction following a jury trial of driving while his operator's license was suspended, a misdemeanor. ORS 487.560. He was also convicted in a consolidated trial on two other charges which are not involved in this appeal. Defendant makes six assignments of error. The first three assignments challenge the admission of three documents relating to the status of defendant's driving privileges. Assignment number four contends his motion for judgment of acquittal should have been granted, and the two remaining assignments relate to jury instructions.

Defendant is not a resident of Oregon and had never obtained an Oregon driver's license. In 1977 defendant was convicted in Oregon of driving while under the influence of intoxicants, which was his second conviction within a five-year period. The Motor Vehicles Division suspended defendant's right to drive in Oregon for one year. The order of suspension was mailed to defendant but was not delivered.

Defendant was subsequently arrested for driving while suspended, a felony. This was not the charge involved in this appeal. At the trial on that charge, defendant was found not guilty on the basis that he did not have notice of the suspension. At the conclusion of the proceedings, the prosecutor handed defendant a copy of the suspension order. Defendant was represented by an attorney who took the suspension order from defendant. The trial judge warned defendant not to drive until he checked with the Motor Vehicles Division. Defendant checked with the Division and was told he could not get a license until he obtained insurance. Defendant did not obtain insurance or an Oregon driver's license.

Defendant was arrested on the present charge on November 17, 1978. He gave the arresting officer a name other than his own. The officer checked the license status of the person defendant named and determined that the physical description in the Motor Vehicles Division records did not match defendant's physical characteristics. When confronted with this information, defendant said he lied because he was suspended and did not want to go to jail. Prior

to trial on the present charge, defendant filed a notice of intent to rely on the affirmative defense of lack of notice.

■   In the first assignment defendant challenges the admission, over his objection, of a suspension order issued by the Motor Vehicles Division. He contends the document is insufficient, because it does not contain a notice of defendant's right to a presuspension hearing. The challenged order of suspension indicates defendant's driving privileges were suspended because of his second conviction for driving under the influence of intoxicants. The identical contention raised here was made in *State v. Palomino,* 53 Or App 194, 631 P2d 802 (1981), and was rejected. *See also, State v. Stroup,* 290 Or 185, 620 P2d 1359 (1980). The suspension order was properly admitted.

■   The second assignment of error contends a document entitled "Notice of Service" was improperly admitted. The document is a Motor Vehicles Division form which was filled out by the prosecutor at defendant's previous trial on a charge of driving while suspended. The form reflected that defendant was personally served in open court with a notice of his suspension and was signed by the prosecutor who personally served defendant. On the bottom of the form was a handwritten sentence: "Notified of right to hearing per Floyd v. DMV." Defendant objected to the document on the ground that the handwritten sentence regarding notice of a right to hearing was hearsay and thus could not establish that defendant had been properly notified of his right to a hearing regarding the suspension. The document was offered to establish that defendant had notice of the suspension by personal service. For the reasons expressed in *State v. Palomino, supra,* the document is admissible.

■   The third assignment of error concerns admission of a Motor Vehicles Division computer printout of defendant's driving record. Prior to admitting the driving record, the court deleted all references to defendant's prior convictions and left the notations as to the status of his driving privileges. A police officer testified, without objection, as to the meaning of the entries on the driving record, which shows defendant was suspended from May 11, 1977, to April 15, 1978, for his second DUII conviction.

Defendant argues that that notation is prejudicial because it disloses to the jury a prior conviction. Assuming that it was error not to delete the reference to defendant's prior conviction, the error was harmless. The suspension order discussed under the first assignment contained a notation that defendant was suspended because of a second conviction for driving under the influence of intoxicants. In addition, a police officer testified, without objection, that defendant had two prior convictions for DUII, and the defendant admitted he had a prior conviction for that offense.

■    Defendant also argues the driving record was irrelevant because it did not disclose the status of his driving privileges on the day of his arrest, November 17, 1978, and because its recitations are hearsay. In *State v. Sherman,* 48 Or App 881, 618 P2d 973, *rev den* 290 Or 211 (1980), we held that the computer printout of a driving record was admissible to establish the status of the defendant's driver's license on the day he was arrested. We concluded that the entries on the record indicating a suspension and no indication of reinstatement were probative of the status of the license on the day of defendant's arrest.

From the entries on defendant's driving record the jury could find his driving privileges were suspended prior to the day of his arrest, November 17, 1978, had not been reinstated and were still suspended on December 1, 1978. The jury could logically conclude his privileges had not been reinstated at the time of his arrest. The driving record was properly admitted.

■    Defendant contends in the fourth assignment that the court erred in denying his motion for judgment of acquittal. Defendant makes three arguments regarding this assignment. He first contends the state failed to prove a valid suspension because defendant was not notified of a right to a presuspension hearing. For the reasons set forth in the discussion of the first assignment of error, this argument fails. The second contention is that the state failed to prove the suspension was still in effect on the day of defendant's arrest. As we held regarding the admission of the defendant's driving record, the jury could find defendant was suspended on the day of his arrest.

The third argument is that the state did not negate the affirmative defense of lack of notice. Defendant cites ORS 161.055(3):

> "The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. * * *"

He contends, because he raised the defense in writing, the state is required to negate it. Defendant misreads the statute. ORS 161.055(1) provides:

> "When a 'defense,' *other than an 'affirmative defense'* as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt." (Emphasis added.)

The terms "defense" and "affirmative defense" are precise terms of art in the statute. The state is not required to disprove an affirmative defense. ORS 161.055(2). Lack of notice of a suspension is an affirmative defense which defendant must prove by a preponderance of the evidence. ORS 487.560; *State v. Stroup, supra; State v. Lawrence,* 36 Or App 733, 585 P2d 727 (1978). All the state is required to prove is that the defendant was driving a motor vehicle and his driving privileges were suspended at that time. There was evidence from which the jury could find that the state had proven these elements of the charge. The motion for judgment of acquittal was properly denied.

■    The fifth assignment concerns the failure of the court to give an instruction requested by defendant. The instruction was to the effect that any notice of suspension given to defendant must include a statement of his right to a hearing, where and when such hearing would be held, the particular statutes and rules involved, the issues at such hearing, that he may be represented by counsel and that he must notify the agency of his desire for a hearing. The instruction is premised on defendant's contention that a suspension is not valid unless and until defendant is notified of his right to a hearing. He contends the instruction is based on the Motor Vehicle Code and certain rules of the Motor Vehicles Division. The instruction was properly refused because it was not a correct statement of the law. *State v. Stroup, supra; State v. Palomino, supra.*

■     In his final assignment defendant contends the court erred in instructing the jury to the effect that defendant does not have available the affirmative defense that he did not receive notice of his suspension if he had actual knowledge of the suspension. Defendant does not point out in his brief whether he excepted to this instruction and on what ground. Rules of Appellate Procedure, Rule 7.19. We decline to consider this claim of error.

Affirmed.