Argued and submitted March 5, reversed August 28, petition for rehearing denied November 20, 1984

STATE OF OREGON,
*Respondent on Review,*

*v.*

TIMOTHY SCOTT TOOLEY,
*Petitioner on Review.*

(CA A27115; SC S30051)

687 P2d 1068

Lawrence W. Erwin, Bend, argued the cause and filed the brief for petitioner on review.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the

brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

ROBERTS, J.

## ROBERTS, J.

The question is whether an erroneous license revocation properly may form the basis for a conviction for driving while revoked.

The Motor Vehicles Division (Division) revoked defendant's license to drive, under authority of ORS 482.430(1)(c), 482.440 and 486.211(3)(c).[1] These statutes provide, in brief, that the Division must revoke a person's license "upon receiving a record of the conviction of such person of * * * [a]ny crime punishable as a felony with proof of a material element involving the operation of a motor vehicle." The Division received a record of defendant's conviction for a misdemeanor involving operation of a vehicle but misread it as a felony conviction and erroneously revoked his license. The Division notified defendant of the revocation. The notice was dated April 5, 1982, and indicated that the revocation became effective at 12:01 a.m. on April 10, 1982. The notice

---

[1] ORS 482.430(1)(c) provides:

"(1) The division forthwith shall revoke, for a period of time as set forth in ORS 482.500, any person's permit or license or right to apply to operate motor vehicles upon receiving a record of the conviction of such person of any of the following offenses:

"* * * * *

"(c) Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle."

ORS 486.211(3)(c) provides:

"Except as otherwise provided in ORS 482.820, the division shall revoke or suspend the license or permit or right to apply of any person who:

"* * * * *

"(3) Has been convicted in any municipal, justice, county, district or circuit court of this state, or by a court of competent jurisdiction of any state, of one of the following offenses:

"* * * * *

"(c) Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle."

ORS 482.440 provides:

"Whenever the division or a court has reason under any laws of this state to suspend or revoke the license or permit of any person who has not been issued a current Oregon license or permit to operate motor vehicles or whose license is due to expire during a suspension period, the division or court shall suspend or revoke the right of such person to apply for a license or permit to operate motor vehicles in this state."

included the warning: "Do not drive until you have been advised by the Division that you have been reinstated." At the bottom of the page was a reference to a hearing notice on the reverse side. This notice is not a part of the record. However, defendant submitted a copy of the notice which appears on the back of forms such as the one defendant received. At the state's request, we take judicial notice of the usual contents of such hearing notices as are pertinent to this case. Licensees are informed of their entitlement to a formal hearing and are given 20 days from the date of the notice to request such a hearing.

Defendant was subsequently stopped while driving and charged and convicted for driving while revoked. ORS 487.560.[2] The Court of Appeals affirmed without opinion. 64 Or App 855, 669 P2d 843 (1983).

Defendant argues that there was no conviction upon which revocation could be based, and therefore, the revocation was void. He asserts that his conviction for driving during an unauthorized period of revocation must be reversed. The state contends that the validity of the underlying revocation is irrelevant in a conviction for driving during the revocation period. Defendant was notified of the revocation and, according to the state, should have refrained from driving until he was able to have the department correct its error.[3]

The Division's authority to suspend and revoke licenses is circumscribed by statute. Suspension or revocation

---

[2] In 1981, as applicable to this case, ORS 487.560(1) defined the crime as follows:

"A person commits the crime of driving while suspended or revoked if the person drives a motor vehicle upon a highway during a period when the person's license or permit to drive a motor vehicle or the person's right to apply for a license to drive a motor vehicle in this state has been suspended or revoked by a court or by the division or if the person drives a motor vehicle outside the restrictions of an license issued under ORS 482.475, or 482.477."

This was a felony conviction because of defendant's prior record of vehicle offenses. *See* ORS 487.560(6).

[3] Defendant also presented an entrapment defense, on the theory that at the time of his misdemeanor conviction, the conviction precipitating his revocation, he was told by the judge and district attorney that his license would not be revoked. Defendant argues that *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982), which held that driving while suspended or revoked is a strict liability crime, should either be overruled or read to allow an entrapment defense. We do not reach this issue. *Buttrey* has no application to the issues we address.

is mandatory in defined instances. ORS 482.430. Under subsections (1) to (4) of that section, the Division's duty to suspend or revoke licenses arises "upon receiving a record of the conviction" of the licensee for enumerated crimes. In this case there is no dispute that the Division was without authority to revoke defendant's license for a misdemeanor conviction.

The state argues that, regardless of the validity of the order of revocation, defendant cannot now contest the issue. Upon receiving notice of revocation a person is prohibited from driving until the Division's error is corrected. Defendant argues that the motor vehicle statutes provide him no recourse by which to correct the Division's error. He claimed he is without hearing rights and therefore cannot be precluded from challenging the revocation at the criminal prosecution. We find, contrary to the state's position, that receipt of notice was not intended to prohibit driving. Contrary to defendant's position, licensees are entitled by statute to notice and an opportunity for a hearing. ORS 486.221. The notice requirement is designed to apprise the licensee of the Division's action and of the means to contest the action before the revocation goes into effect.

ORS 486.221 provides:

"(1) Before the division suspends or revokes the license of any person or vehicle registration of any employer under ORS 486.046, or continues, modifies or extends a suspension or revocation for any reason set forth in ORS 486.211 or 486.251, the division shall notify the licensee and registrant as set forth in ORS 482.570 and afford the person an opportunity of a hearing before a representative of the division in the county wherein the licensee resides. The hearing shall be conducted as a contested case in accordance with ORS 183.310 to 183.550. Upon such hearing the division, good cause appearing therefor, may continue, modify or extend such a suspension or revocation of the license or the vehicle registration or revoke or suspend such license or vehicle registration.

"* * * * *"

As originally enacted in 1971 the first sentence of this statute provided,

"Whenever the division suspends or revokes the license and vehicle registration of any person for any reason set forth in ORS 486.211, the division shall immediately notify the licensee and registrant and afford him an opportunity of a hearing before a representative of the division in the county wherein the licensee resides. * * *"

In the course of statutory amendments, the phrases "or vehicle registration of any employer under ORS 486.046," and "or continues, modifies or extends a suspension or revocation" were inserted at different times in the middle of the sentence. The language "or continues, modifies or extends a suspension or revocation" was added in 1977 to provide notice and hearing rights in cases of further action by the division affecting a license. Or Laws 1977, ch 680, § 1.[4] The language "or vehicle registration of any employer under ORS 486.046" was added in 1979 to reflect the provisions of ORS 486.046 amended at the same time. In the same session the legislature omitted the requirement that the division suspend vehicle registrations whenever a license was revoked or suspended.[5] For this reason the language "and vehicle registration" following "Before the division suspends or revokes the license" was omitted. Or Laws 1979, ch 506, § 5. There is no indication that these amendments were intended to change the initial relationship between "suspends or revokes" and "for any reason set forth in ORS 486.211."

Prior to 1977, this statute did not specify when a revocation or suspension went into effect in relation to the hearing. However, in 1977, "Whenever" was changed to "Before" as it now appears. The Division is required to provide notice and an opportunity for a hearing *prior to* revoking or suspending a license for the reasons set forth in ORS 486.211.

This amendment was intended to bring the statute into compliance with the federal fourteenth amendment notice and hearing requirements set forth by the Court of Appeals in *Floyd v. Motor Vehicles Div.*, 26 Or App 41, 554 P2d

---

[4] Hearing on HB 2640 before Senate Judiciary Committee, June 7, 1977, Explanation by Diana Godwin, Committee Counsel, Tape 43, Side 2.

[5] Hearing on SB 266 before Senate Committee on Transportation, February 2, 1979, Exhibit A, submitted by Division of Motor Vehicles.

1024, *rev den* 276 Or 873 (1976).[6] In *Floyd v. Motor Vehicles Div.,* the Court of Appeals held that the licensee was denied due process required by the federal fourteenth amendment because the Division suspended her license without giving her notice and an opportunity for a hearing.[7] The defendant's license was suspended for failure to satisfy a judgment within 60 days pursuant to ORS 486.251 and 486.211, one of the statutes at issue in this case. The Court of Appeals held:

> "Regardless of whether denominated as a right or a privilege, an operator's license is an important entitlement which can only be suspended or revoked in a manner consistent with procedural due process. Except in emergency situations, the affected individual must be given notice and an opportunity for a hearing before the termination becomes effective: * * * The nature of the inquiry relevant to suspension under ORS 486.251(1) is not complex and it is possible that the Division's investigative procedure tends to prevent mistaken deprivations. Nevertheless, the Division cannot, consistent with due process, unilaterally determine facts decisive of important entitlements." (Citations omitted.) 27 Or App at 44.

The court concluded that the Division's failure to inform the licensee of its intent to suspend and of the availability of a pre-suspension hearing was improper. We cited Court of Appeals cases requiring notice and hearing prior to license suspension with approval in *State v. Stroup,* 290 Or 185, 620 P2d 1359 (1981).

These due process cases were generated by the federal Supreme Court case of *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), which held that "due process requires that when a State seeks to terminate an interest such as that here involved [driver's license], it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." (Emphasis in original.) 402 US at 542. ORS 486.221 codified this constitutional requirement as the legislature perceived the due process requirement to be at the time. In light of the statute, we reject the state's argument that defendant was prohibited from driving immediately upon notification of revocation.

---

[6] Hearing on HB 2640 before House Committee on Transportation, March 17, 1977.

[7] The Court of Appeals also believed Or Const Art 1, § 10, was involved.

The state acknowledges that ORS 486.221 applies to this case. It asserts, however, that the record does not indicate whether the statute's requirements were met. The state's argument is that defendant might have received the notice sometime within the five days before the revocation went into effect and might have been able to request a hearing before the effective date of revocation. If such were the case, the state contends, the fact that defendant did not request a hearing when notified now precludes him from challenging the validity of the order.

■ We need not decide whether defendant has foregone his opportunity to challenge the revocation. We find that defendant was never adequately informed of his right to contest the hearing before the revocation went into effect. The notice informed defendant that he had 20 days from the date of the notice within which to request a hearing. At the same time, the notice indicated that the revocation became effective within five days of the notice. Defendant was informed not to drive until he was reinstated. He was also told that once a revocation goes into effect a $25 fee will be required for reinstatement. The notice incorrectly communicated that the revocation went into effect regardless of defendant's request for a hearing and remained in effect unless and until defendant prevailed. We find this notice inadequate to inform defendant of a pending revocation and of his right to a pre-revocation hearing on the matter.

The state argues that any failure to comply with ORS 486.221 was harmless because defendant would not have availed himself of his opportunity to be heard even if the notice accurately reflected his rights. We cannot decide this case on an assumption about what defendant would have done had he been fully and accurately informed of his avenues of recourse.

Reversed.