Submitted on record and briefs February 28, affirmed July 17, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# JACK L. GORMAN,
*Appellant.*

## (DUC-6616; CA A32891)

703 P2d 284

Kenneth Bourne, and Pelay & Bourne, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jeff Bennett, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 487.540. He contends that the court erred in denying his motion to suppress the arresting officer's testimony that he had refused to take a requested intoxilizer test. *See* former ORS 487.805(4).[1] We affirm.

After defendant was arrested, the officer requested that he take an intoxilizer test. Defendant refused. The officer then advised defendant in part:

"If you refuse to take a breath test:

"(1)  The fact that you refused may be admitted in Court.

"(2)  Your driver's license will be suspended for one hundred twenty days.

"(3)  Upon your request you will be granted a hearing. If the hearing is adverse to you, you may appeal the matter to the Circuit Court for trial. * * *"

Defendant argues that the advice was inadequate and the refusal invalid, because

"* * * [t]he officer did *not* inform the defendant that the DMV would send him a notice of intent to suspend and that if he requested a hearing his license would not be suspended unless there was an adverse hearing finding." (Emphasis original.)

He bases his argument on *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). In that case the defendant was charged with driving while his operator's license was revoked. He challenged the validity of the revocation on the basis that the revocation order did not correctly advise him of the right to a hearing before it took effect. The court construed ORS 486.221 as giving a licensee the right to have a hearing before his license could be revoked. The court held that the notice incorrectly communicated that the revocation went into effect regardless of the defendant's request for a hearing and remained in effect unless and until the defendant prevailed at a hearing. Because of the inadequate notice, the revocation was void.

---

[1] ORS 487.805 was amended by Or Laws 1983, ch 721, § 2. The amendments became effective after the offense involved in this case.

Here, defendant argues that in order for his refusal to be considered valid and admissible he must have been adequately and correctly advised of the consequences of a refusal to take a chemical blood alcohol test. *See State v. Creson,* 33 Or App 369, 576 P2d 814 (1978). He argues that the deficiency in the advice given was that it implied that his license would be suspended unless and until he prevailed at a hearing or on appeal.

*Tooley* dealt with the requirements that the Motor Vehicle Division must follow before suspending or revoking a motorist's license. Those procedures apply when the Motor Vehicle Division suspends the license. If a motorist, arrested for driving under the influence of intoxicants, refuses to take the requested blood alcohol test, he would be advised by the Motor Vehicle Division of his hearing rights in the notice of suspension. The advice the officer gives to the accused is at a different level than the notice given by the Motor Vehicle Division. We conclude that the officer's advice was sufficient. It contained an understandable summary of the consequences of refusing the test. It is unnecesary to advise an arrestee of all the potential procedural steps that could occur. The advice given by the officer was sufficient to allow defendant to make an informed choice to take or refuse to take the test.

Affirmed.