STATE OF OREGON,
*Respondent,*

*v.*

DAVID WAYNE MILLER,
*Appellant.*

(M-84-1277; CA A34509)

706 P2d 184

James P. O'Neal, Myrtle Creek, argued the cause and filed the brief for appellant.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for driving while suspended (DWS). ORS 487.560(1). He argues that the underlying suspension of his driver's license after his conviction for driving while under the influence of intoxicants (DUII) was unlawful, because he was not notified of his right to a presuspension hearing. He relies on *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). We affirm.

On August 19, 1984, defendant was arrested for DUII; on August 30, he was convicted. The arrest and the conviction resulted in two separate suspensions of defendant's driving privileges. The first was initiated by the arresting officer under the Implied Consent Law. After the officer informed defendant of his rights under ORS 487.805, defendant elected to take a breath test. The test result showed a blood alcohol level in excess of .08 percent. Pursuant to ORS 487.805(3), the officer gave defendant a written notice that informed him that he would be suspended effective September 18, 1984, until December 17, 1984. The notice provides, in part:

> "YOU HAVE A RIGHT TO A HEARING, if you ask for it in a timely manner. The Motor Vehicles Division must get your request in its office within ten days of this arrest. If the hearing is declared against you, you may appeal to the Circuit Court * * *. If you request a hearing, your request MUST be in writing and MUST BE RECEIVED at the Hearings Branch by 5 p.m. on the tenth day following this arrest, or you lose your right to a hearing."

The notice specified the contents of a request for a hearing and the address where the request was to be delivered. The officer issued defendant, pursuant to ORS 487.805(3)(c), a temporary driving permit, effective August 19, 1984, through September 18, 1984, which entitled him to drive until the suspension took effect on September 18, 1984. Defendant did not request a hearing on the suspension.[1]

On September 18, 1984, another suspension order was issued as a result of the conviction. That order suspended

---

[1] Under the Implied Consent Law, the officer informs the Motor Vehicle Division of the action taken at the time of arrest. ORS 487.805(3)(d). The Division suspends the driving privileges on the thirtieth day following the arrest and holds a hearing when requested. ORS 482.541.

defendant's driving privileges from September 23, 1984, until August 30, 1985, and until he complied with the financial responsibility law. The suspension was ordered pursuant to ORS 482.430(4)(a), 486.211(2), 486.211(3)(g). The order provides in part:

> "You CANNOT have a hearing if the Division's suspension/revocation/cancellation is because of:
>
> "(1) Suspensions or revocations required by law (ORS 482.430)(1)(2)(3)(4) [sic];
>
> "* * * * *
>
> "In other cases, not listed above, you may ask for a formal hearing to contest whether the Division acted legally in suspending, revoking, or cancelling your driving privileges.
>
> "If you ask for a hearing, your request MUST be in writing and MUST be postmarked WITHIN TWENTY (20) DAYS of the date of this order * * *."

Under ORS 482.430(4) a DUII conviction results in a mandatory suspension of driving privileges. Consistent with that, the suspension order informed defendant that he was not entitled to a hearing on the suspension. Defendant argues that, under *State v. Tooley, supra,* the suspension order is not sufficient and is in error, because it failed to notify defendant that he had a right to a hearing before the suspension went into effect. Defendant essentially contends that, even though suspension is mandatory under ORS 482.430(4) and 486.211(3), he nonetheless has a right to a hearing prior to the suspension as provided by ORS 486.221(1).

The difficulty with the argument is that it slides past the first suspension, on September 18, 1984, for failing the breath test. ORS 487.805. Defendant had notice 30 days before the effective date of that suspension that he had a right to a presuspension hearing. He waived that right, and that suspension was in effect when he was arrested on October 13, 1984, for DWS. We hold that that suspension is a sufficient basis for his conviction for DWS. Therefore, we need not discuss the adequacy of the order of suspension resulting from the DUII conviction.

Affirmed.[2]

---

[2] On October 13, 1984, defendant received an order of suspension from October 17, 1984, until September 27, 1987, resulting from a second conviction for driving under the influence of intoxicants and failure to furnish proof of future responsibility. Defendant's brief states that the parties stipulated that the October 13 order was issued as a result of defendant's failure to pass a breath test. However, the notice itself states that it is a three-year suspension for a second DUII conviction.