Argued and submitted August 16, reversed and remanded for trial October 30, 1985

# STATE OF OREGON
*Appellant,*

*v.*

# MORGAN RAY JONES
*Respondent.*

## (84-4866; CA A34703)

708 P2d 1168

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause and filed the brief for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John Bourcier, Grants Pass, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

The state appeals from an order that dismissed a charge of misdemeanor driving while suspended (DWS). ORS 487.560 (1),(5). The trial court held that, under *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), due process requires that there be an opportunity for a hearing before a license suspension, and, because defendant did not have such an opportunity, dismissed the charge. On appeal, the state argues that it was error to dismiss, because *State v. Tooley, supra,* is based on statutory grounds inapplicable here, and because MVD's order of suspension otherwise complies with due process. We agree and reverse.

On April 24, 1984, the Motor Vehicles Division (MVD) issued an "Order of Suspension" notifying defendant that his operator's license "is suspended effective" May 15, 1984. The order provided that the license was suspended, pursuant to ORS 482.440 and ORS 484.415(1),(2) for "Failure to Comply."[1] It also provided that the suspension would go

---

[1] ORS 482.440 provides:

"Whenever the division or a court has reason under any laws of this state to suspend or revoke the license or permit of any person who has not been issued a current Oregon license or permit to operate motor vehicles or whose license is due to expire during a suspension period, the division or court shall suspend or revoke the right of such person to apply for a license or permit to operate motor vehicles in this state."

ORS 484.415 provides, in part:

"(1) If a defendant is convicted of any traffic offense and fails or refuses to pay a fine imposed by the judge or to comply with any condition upon which payment of the fine or any part of it was suspended, the judge, in addition to or instead of any other method authorized by law for enforcing a court order, may order the defendant's driver's license, permit or right to apply to be suspended * * *.

"(2) If a defendant is convicted of a traffic offense, in addition to any fine or imprisonment authorized by law, including probation and suspension of imposition or execution of any sentence upon conditions orders by the court, the judge may also;

"* * * * *

"(b) Order the defendant's driver's license, permit or right to apply to be suspended for not more than one year or for more than one year if the mandatory period of suspension is more than one year and the offense is a traffic crime or a Class A traffic infraction;

"(c) Order the defendant's driver's license, permit or right to apply to be suspended for not less than 30 nor more than 180 days if the offense is a Class B, C

into effect in 20 days unless defendant obtained, and MVD received, within that time a "Notice of Clearance" from the District Court of Josephine County. The order included the court docket numbers which were apparently relevant to the failure to comply charge. The suspension order took effect, and on May 29 defendant was cited for DWS.[2] Thereafter, the court granted defendant's motion to dismiss.

There is disagreement about whether *Tooley* is based on statutory or constitutional grounds. The defendant there was convicted of a misdemeanor involving the use of a motor vehicle. MVD erroneously recorded the conviction as a felony. On the basis of the erroneous felony notation, MVD sent a notice of license revocation,[3] citing ORS 482.430(1)(c) and 486.211(3)(c). The notice stated that revocation would become effective five days from the date of the mailing of the notice, that defendant had 20 days from the date of mailing to request a hearing to challenge the revocation and that, once the revocation became effective, a fee was required for rein-statement. Finally, the notice warned: "Do not drive until you have been advised by the Division that you have been rein-stated." The defendant did not request a hearing. He later was convicted of driving while revoked.

The Supreme Court reversed, because MVD's notice of revocation contained insufficient information about the defendant's "right to a pre-revocation hearing on the matter" and "incorrectly communicated that the revocation went into effect regardless of defendant's request for a hearing and remained in effect unless and until defendant prevailed." 297 Or at 609. The court stated: "[L]icensees are entitled by

---

or D traffic infraction; * * *

"* * * * *

"(7) Upon receipt of any order entered by a judge under this section, the division shall immediately make proper entry in its files and records and take other action, as necessary, to implement the judge's order. The division shall terminate a suspension imposed under this section upon notification by the court or upon the lapse of five years from the date of suspension, whichever comes first."

[2] At the time of the citation, defendant's license was also under suspension for failure to furnish proof of financial responsibility. The state conceded at trial that that suspension was defective under *State v. Tooley, supra,* and elected to rely on the suspension for failure to comply.

[3] In *Tooley,* the license was revoked; here, it was suspended. The distinction is not relevant to the resolution of this case.

statute to notice and an opportunity for hearing. ORS 486.221.[4] The notice requirement is designed to apprise the licensee of the Division's action and of the means to contest the action before the revocation goes into effect." 297 Or at 606.

*Tooley* reviewed the history of ORS 486.221. As originally enacted in 1971, the first sentence stated, in pertinent part, "*[W]henever* the division suspends or revokes the license * * * for any reason set forth in ORS 486.211, the division shall immediately notify the licensee * * * and afford him an opportunity of a hearing * * *." In 1977, "whenever" was changed to "before" as it now appears:

"(1) *Before* the division suspends or revokes the license of any person * * * for any reason set forth in ORS 486.211 or 486.251, the division shall notify the licensee * * * and afford the person an opportunity of a hearing * * *." (Emphasis added.)

MVD "is required to provide notice and an opportunity for a hearing *prior to* revoking or suspending a license for the reasons set forth in ORS 486.211." 297 Or at 608. (Emphasis in original.)

*Tooley* observed that the 1977 amendment was intended to make the statute consistent with *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), and *Floyd v. Motor Vehicles Division,* 27 Or App 41, 554 P2d 1024, *rev den* (1976). Those cases hold that due process requires notice of an opportunity for a hearing before revocation of a driver's license. The original opinion in *Tooley* concluded the discussion of ORS 486.221(1) by stating that "ORS 486.221 codifies this constitutional requirement." 297 Or at 608. That sentence permitted the inference, not only that the statute's

---

[4]We do not think that the court meant that ORS 486.221 entitles licensees to a pre-suspension hearing in *all* cases. By its terms, the statute applies only when MVD suspends or revokes a license for a reason set forth in ORS 486.211 or 486.251 or suspends the vehicle registration of an employer under ORS 486.046. MVD revoked Tooley's license for felony driving while suspended, pursuant to ORS 486.211 and 482.430. Although ORS 482.430 does not require a hearing, the court held that Tooley was entitled to one. The implication of that holding is that, because the reason for the revocation was a "reason set forth in ORS 486.211," Tooley was entitled to a hearing under ORS 486.221, even though MVD had revoked pursuant to *both* ORS 486.211 and 482.430. In sum, ORS 486.221 applies not only to suspensions and revocations under ORS 486.211 and 486.251, but also to those under other statutes where the *reason* is one set forth in either 486.211 or 486.251.

notice provision was *initially* enacted to comply with the federal constitution, but that it also *continues* to embody a due process requirement. The court later changed that sentence to read: "ORS 486.221 codified this constitutional requirement as the legislature perceived the due process requirement to be at the time."

■    After re-examining *Dixon v. Love,* 431 US 105, 97 S Ct 1723, 52 L Ed 2d 172 (1977) and *Mackey v. Montrym,* 433 US 1, 99 S Ct 2612, 61 L Ed 2d 321 (1979),[5] we conclude that the United States Supreme Court has substantially limited *Bell* and that a predeprivation hearing is not required before *mandatory revocations or suspensions for public safety reasons.* Because Tooley's revocation was a mandatory revocation for public safety reasons,[6] the Due Process Clause did not entitle him to a pre-deprivation hearing. He was only entitled to a pre-deprivation hearing by virtue of ORS 486.221. For this reason, we think that the correction in the *Tooley* opinion reflected the court's recognition that, in the case of mandatory suspensions or revocations for public safety reasons, ORS 486.221 grants more protection to a licensee, where it applies, than does the Due Process Clause.[7] In sum, we believe that *Tooley,* as modified, held that if MVD fails to notify a licensee

---

[5] In *State v. Palomino,* 53 Or App 194, 197, 631 P2d 802 (1981), we stated:

"Defendant relies on *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), in support of his claim that procedural due process requires that a licensee receive notice and hearing before his driver's license is suspended. *Bell* has been substantially limited by subsequent cases, including *Dixon v. Love,* 431 US 105, 97 S Ct 1723, 52 L Ed 2d 172 (1977), in which the court held no such notice or hearing was required for summary revocation based on habitual violation of traffic laws. *See also, Mackey v. Montrym,* 443 US 1, 99 S Ct 2612, 61 L Ed 2d 321 (1979); *Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976)."

[6] More precisely, it was *apparently* a mandatory suspension for public safety reasons. Tooley had been convicted of misdemeanor driving while suspended, which is not a ground for mandatory revocation. MVD erroneously recorded the conviction as the greater offense of felony driving while suspended, and then revoked Tooley's license pursuant to ORS 482.430(1)(d) and 486.211(3)(c). Because the sole issue in a hearing on a mandatory suspension is whether such a mistake has been made (because if it has not, MVD *must* revoke), to hold that Tooley was entitled to a presuspension hearing because of the mistake is to hold that a licensee is always entitled to a presuspension hearing. That result is contrary to *Dixon* and *Mackey;* therefore, we do not conclude that the Oregon Supreme Court based its decision on MVD's mistake. There is certainly no indication in the *Tooley* opinion that it did so.

[7] Alternatively, the new language may simply have reflected the court's awareness of the legislature's purpose in amending ORS 486.221 and the court's refusal to take a position on the issue of what process is due in this context. That construction would also support our conclusion that *Tooley* is based on statutory grounds.

accurately of his *statutory* right to a hearing, suspension based on that notice cannot support a DWS or DWR conviction.

■ We turn to the issues in this case. The first is whether MVD failed to inform defendant accurately of a statutory right to a hearing. We conclude that it did not. MVD suspended defendant's license for failure to comply, pursuant to ORS 482.440 and 484.415(1),(2). Defendant concedes in his brief that MVD was not required, by those statutes or any other, to give him a presuspension hearing.[8] Thus, *State v. Tooley, supra,* is inapplicable.

■ ■ The remaining question is whether defendant was denied due process. Because the Oregon Constitution has no due process clause, defendant's claim that he is entitled to certain constitutional procedural protections arises under the Fourteenth Amendment. *See, e.g., State v. Stroup,* 290 Or 185, 200, 620 P2d 1359 (1980). It is undisputed that a driver's license is an interest protected by the Due Process Clause. *See, e.g., Mackey v. Montrym, supra,* 443 US at 10 n 7; *Boykin v. Ott,* 10 Or App 210, 222, 498 P2d 815, *rev den* (1972). It is also clear that defendant was entitled to some kind of predeprivation opportunity to be heard. The *Mackey* and *Dixon* rule, that a hearing is *not* required before mandatory suspensions for public safety reasons, does not apply when the legislature gives the court discretion to suspend. Because the suspension here was discretionary, *see* ORS 484.415(1),(2), defendant was entitled to a predeprivation opportunity to be heard. *Bell v. Burson, supra.* The issue is whether the opportunity he received is sufficient under the Due Process Clause.

The question of what process is due is determined by balancing the factors set forth in *Mathews v. Eldridge,* 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976): (1) the nature of the private interest affected, (2) the risk of erroneous deprivation of that interest through the procedure used together with the probable value, if any, of other safeguards; and, (3) the governmental interest involved.

■ The state concedes that the driving privilege is a

---

[8]Even if defendant had not so conceded, he was not entitled to a hearing under ORS 486.221, because by its terms it applies only to suspensions "for any reason set forth in ORS 486.211 or 486.251." *See* n 4, *supra.* Failure to comply is not a reason set forth in either statute.

significant private interest. However, the state argues, and we agree, that the procedure used creates little risk of erroneous deprivation because a court's order of suspension is a reasonably reliable basis for a suspension and because, even if a mistake occurred, the MVD notice provided a procedure for correcting it. Although the trial judge noted that mistakes were "not unheard of or even rare," we do not think that an occasional mistake makes a court order[9] an unreliable basis for an MVD suspension. Moreover, the notice sent to defendant stated that the suspension would not go into effect if he obtained a clearance from the district court within 20 days. The notice identified the court docket numbers relevant to the failure to comply charge. If a mistake had been made, defendant had ample time and information to go to the court, point out the error and obtain a clearance.

The third factor is the value, if any, of other safeguards. Defendant argues that he was entitled to the additional safeguard of a contested case hearing under the Oregon Administrative Procedures Act.[10] He argues that a presuspension contested case hearing would have resolved the factual issues regarding what fines were outstanding, would have been a mechanism for detecting any clerical errors and would have allowed defendant to raise any legitimate excuse, such as financial hardship, for non-payment. Even assuming that MVD has the authority to resolve all those issues, we do not believe that such a hearing would have any value. Defendant could just as easily have resolved those issues by applying to the district court for a clearance.

The final factor is the governmental interest involved. "Governmental interest" for due process purposes includes "the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge, supra,* 424 US at 335. A contested case hearing would impose a significant financial and administrative burden on the state, which cannot be justified given

---

[9] ORS 484.415(1) provides that a judge may order a driver's license to be suspended for failure to comply. It is our understanding that the trial court recommended suspension and did not "order" it. The method used to initiate the suspension has not been assigned as error, and we do not consider it.

[10] Defendant argues that he was entitled to the hearing provided in ORS 486.221. Under that section a hearing "shall be conducted as a contested case in accordance with ORS 183.310 to 183.550."

that an inexpensive, satisfactory procedure was available to defendant. He was not denied due process.

Reversed and remanded for trial.