Argued and submitted December 23, 1985, reversed and remanded February 26, 1986

## STATE OF OREGON,
*Appellant,*

*v.*

## PAULA M. KAUK,
*Respondent.*

(85-115-K; CA A35750)

714 P2d 635

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for petitioner. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and David L. Runner, Assistant Attorney General, Salem.

Claudia E. Browne, Grants Pass, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals a trial court order dismissing a charge of driving while suspended (DWS). *Former* ORS 487.560.[1] The trial court held that, under *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), defendant was given inadequate notice of, and opportunity for, a presuspension hearing. We reverse.

On August 15, 1983, the Motor Vehicles Division (MVD) informed defendant that, pursuant to ORS 153.550(2), her license would be suspended for an indefinite period for failure to appear in court. The notice stated that the suspension would not take effect for 20 days, and

> "to prevent this suspension * * * you need to obtain a clearance from the court listed below. Notice of clearance must be received by the Motor Vehicles Division *before* the suspension goes into effect in order to prevent the suspension." (Emphasis in original.)

The notice included the court docket number relevant to the failure to appear charge. Defendant did not obtain a clearance; the suspension took effect as scheduled. On January 4, 1985, defendant was cited for DWS. The court granted her motion to dismiss.

This case is controlled by *State v. Jones,* 76 Or App 157, 708 P2d 1168 (1985). There, the defendant's license was suspended, pursuant to *former* ORS 484.415,[2] for failure to comply with a court order. The notice of suspension gave the defendant the same opportunity to obtain a clearance as was given in this case. We held that *State v. Tooley, supra,* did not apply, because MVD was not *statutorily* required to give a

---

[1] *Former* ORS 487.560 was repealed by Or Laws 1983, ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 598; ch 758, § 11, *as amended by* Or Laws 1985, ch 16, § 304 (now ORS 811.175), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] *Former* ORS 484.415 was repealed by Or Laws 1983, ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 387; *as amended by* Or Laws 1985, ch 16, § 203; ch 669, § 13 (now ORS 809.210); Or Laws 1983, ch 338, § 393, *as amended by* Or Laws 1985, ch 16 § 209; ch 669, § 15 (now ORS 809.220); Or Laws 1983, ch 338, § 394 (now ORS 809.230); Or Laws 1983, ch 338, § 395, *as amended by* Or Laws 1985, ch 16, § 210 (now ORS 809.240); Or Laws 1983, ch 338, § 393, *as amended by* Or Laws 1985, ch 669, § 14 (now ORS 809.250); Or Laws 1983, ch 338, § 388, *as amended by* Or Laws 1985, ch 16, § 204 (now 809.270); Or Laws 1983, ch 338, § 362, *as amended by* Or Laws 1985, ch 16, § 177; ch 597, § 23; ch 669, § 12 (now ORS 809.280), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

licensee notice of, and opportunity for, a formal presuspension hearing. 76 Or App at 163. We further held that the presuspension opportunity to obtain a clearance satisfied due process requirements. 76 Or App at 163-65.

■ ■ As with suspensions under *former* ORS 484.415, MVD is not statutorily required to give a licensee notice of, and opportunity for, a formal hearing before suspensions pursuant to ORS 153.550. Thus, *State v. Tooley, supra,* is inapplicable here. Likewise, defendant's presuspension opportunity to obtain a clearance is sufficient to meet due process requirements, for the reasons stated in *Jones.* The trial court erred in dismissing the charge.

Reversed and remanded.