Argued and submitted December 23, 1985, affirmed April 9, reconsideration denied August 1, petition for review allowed October 7, 1986 (302 Or 86)

STATE OF OREGON,
*Appellant,*

*v.*

JOHNATHON EMORY ADAMS,
*Respondent.*

(85-1524-K; CA A36090)

717 P2d 212

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and David L. Runner, Assistant Attorney General, Salem.

Claudia E. Browne, Grants Pass, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals from an order dismissing a charge of driving while suspended (DWS). *Former* ORS 487.560(1).[1] We affirm.

On June 8, 1984, the Motor Vehicles Division (MVD) informed defendant that, pursuant to *former* ORS 486.211(2) and (4) and *former* ORS 482.440,[2] his license would be "suspended effective 12:01 A.M. 06-28-84 for an indefinite period." *Former* ORS 486.211(2) and (4) require the suspension of a person's driver's license for failure to furnish proof of financial responsibility and failure to satisfy a judgment, respectively. The reverse side of the form also informed defendant that he could request a formal hearing to contest the suspension within 20 days of the date of the notice. Defendant failed to request a hearing, and the suspension became effective as scheduled. He was cited for DWS on February 14, 1985. Defendant filed a motion to dismiss, arguing, in part:

"[T]he circumstances in this case are similar to those in

---

[1] *Former* ORS 487.560(1) was repealed by Or Laws 1983, ch 33, § 978, and replaced by Or Laws 1983, ch 338, § 598; ch 758, § 11, *as amended by* Or Laws 1985, ch 16, § 304 (now ORS 811.175), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] At the time of defendant's suspension, *former* ORS 486.211 (*repealed by* Or Laws 1983, ch 338, § 978; *amended by* Or Laws 1983, ch 314, § 3; ch 584, § 5 (now ORS 809.410; ORS 813.400), effective January 1, 1986; Or Laws 1983, ch 338, § 981) provided, in pertinent part:

"(1) Except as otherwise provided in ORS 482.820, the division shall revoke or suspend the license or permit or right to apply of any person who:

"* * * * *

"(2) Fails to file with the division proof of future responsibility when such proof is required by this chapter.

"* * * * *

"(4) Fails to satisfy a judgment rendered against the person within 60 days after its entry."

At the time of defendant's suspension, *former* ORS 482.440 (*repealed by* Or Laws 1983, ch 338, § 978 (now ORS 809.360), effective January 1, 1986; Or Laws 1983, ch 338, § 981) provided:

"Whenever the division or a court has reason under any laws of this state to suspend or revoke the license or permit of any person who has not been issued a current Oregon license or permit to operate motor vehicles or whose license is due to expire during a suspension period, the division or court shall suspend or revoke the right of such person to apply for a license or permit to operate motor vehicles in this state."

*State v. Tooley,* 297 Or 602 (1984), and the *Tooley* decision is an applicable precedent for the dismissal requested."

The trial court granted defendant's motion and dismissed the case with prejudice.

This case raises issues identical to those raised in *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), and our recent opinion in *State v. Jones,* 76 Or App 157, 708 P2d 1168 (1985). In *Jones,* we determined that *Tooley* was decided on statutory rather than constitutional grounds and held that *former* ORS 486.221 grants more protection to a licensee than does the federal Due Process Clause, 76 Or App at 162, and that, under the statute, defendant was entitled to notice of, and an opportunity for, a presuspension hearing.[3] In this case the license suspension notice was defective in the same way as the notice in *Tooley.*

The critical passage in *Tooley* is:

"We need not decide whether defendant has foregone his opportunity to challenge the revocation. We find that defendant was never adequately informed of his right to contest the hearing before the revocation went into effect. The notice informed defendant that he had *20 days* from the date of the notice within which to request a hearing. At the same time, the notice indicated that the revocation became effective within *five days* of the notice. Defendant was informed not to drive until he was reinstated. He was also told that once a revocation goes into effect a $25 fee will be required for reinstatement. The notice incorrectly communicated that the revocation went into effect regardless of defendant's request for a hearing and remained in effect unless and until defendant prevailed. We find this notice inadequate to inform defendant of a pending revocation and of his right to a prerevocation hearing on the matter." 297 Or at 609. (Emphasis supplied.)

Here, defendant was informed that his license would be

---

[3] In *Jones,* we concluded that the driver's license prerevocation notice and hearing requirements of *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), have since been substantially limited by the Supreme Court's opinions in *Mackey v. Montrym,* 443 US 1, 99 S Ct 2612, 61 L Ed 2d 321 (1979), and *Dixon v. Love,* 431 US 105, 97 S Ct 1723, 52 L Ed 2d 172 (1977). Thus, under the Due Process Clause, a predeprivation hearing is not required before mandatory suspensions or revocations for public safety reasons. *State v. Jones, supra,* 76 Or App at 162. We accordingly held that *Tooley* was inapplicable; we also held that the defendant had not been denied due process. 76 Or App at 163-65.

suspended in 20 days and that he had 20 days within which to request a hearing. In that respect, the misleading inference in *Tooley* is absent here. However, as in *Tooley,* the notice here was silent regarding the status of defendant's license if he requested a hearing. As in *Tooley,* it is thus possible to read the notice as stating that the suspension would become effective *even if* defendant requested a hearing. Accordingly, the notice failed accurately to inform defendant of his right to a *pre*-suspension hearing.

Affirmed.