Argued and submitted December 23, 1985, reversed and remanded April 9, 1986

## STATE OF OREGON,
*Appellant,*

*v.*

## PATRICK DENNIS JAMES,
*Respondent.*

(85-2202-K; CA A35846)

717 P2d 214

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and David L. Runner, Assistant Attorney General, Salem.

No appearance for respondent.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

The state appeals a trial court order dismissing a charge of driving while suspended (DWS). *Former* ORS 487.560(1).[1] The trial court held that, under *State v. Tooley*, 297 Or 602, 687 P2d 1068 (1984), defendant was given inadequate notice of, and opportunity for, a presuspension hearing. We reverse and remand for trial.

On December 9, 1984, the Motor Vehicles Division (MVD) notified defendant that, pursuant to *former* ORS 482.450(1)(d), *former* ORS 482.850,[2] and OAR 735-31-060, his license would be suspended for 90 days for violating "Step Four" of the Driver Improvement Program. The notice informed defendant that the suspension would take effect in 30 days and that he was entitled to a formal hearing to contest the suspension if requested within 20 days of the date of notice. Defendant did not request a hearing; the suspension became effective as scheduled. Defendant was cited for DWS on March 2, 1985.

■     In *State v. Jones*, 76 Or App 157, 162-63, 708 P2d 1168 (1985), we explained:

"*Tooley*, as modified, held that if MVD fails to notify a licensee accurately of his *statutory* right to a hearing, suspension based on that notice cannot support a DWS * * * conviction." (Emphasis in original.)

Thus, the first issue here is whether defendant had a statutory right to a hearing. He did. OAR 735-31-060 establishes a Driver Improvement Program, as authorized by *former* ORS

---

[1] *Former* ORS 487.560(1) was repealed by Or Laws 1983, ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 598; ch 758, § 11, *as amended by* Or Laws 1985, ch 16, § 304 (now ORS 811.175), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] *Former* ORS 482.450 was repealed by Or Laws, Ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 353, *as amended by* Or Laws 1985, ch 16, § 166; ch 301, § 1; ch 393, § 10a; ch 396, § 6; ch 669, § 2a; ch 714, § 6 (now ORS 809.410), and Or Laws 1985, ch 669, § 4 (enacted in lieu of Or Laws 1983, ch 338, §§ 356, 357, *see* Or Laws 1985, ch 669, § 3) (now ORS 809.440), and Or Laws 1983, ch 338, § 353(8), *as amended by* Or Laws 1985, ch 16, § 166(8); ch 393, § 10a(8); ch 669, § 2a(8) (now ORS 813.400), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

The version of *former* ORS 482.850 in effect at the time defendant's license was suspended was amended by Or Laws 1983, ch 507, § 12, *repealed by* Or Laws 1983, ch 338, § 978 and replaced by Or Laws 1983, ch 338, § 368, *as amended by* Or Laws 1985, ch 16, § 190 (now ORS 809.480), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

482.850(1). The rule authorizes MVD to take certain "steps" when a licensee does certain specified acts. Step One is an advisory letter, which may be sent when a person has been convicted of two traffic violations within twelve months, has been involved in two preventable accidents within twelve months or a combination of the two. OAR 735-31-060(4). Step Two is a warning letter; Step Three is a Driver Improvement Interview.

Section 8 of the rule provides in pertinent part:

"Step Four—Driving Record Suspension: As specified in section (3) of this rule, a person's license will be suspended because of the person's driving record for a period of up to one year under the following circumstances:

"* * * * *

"(g) The person is convicted of two traffic violations committed within twelve months from a previous Driving Record Suspension or within the same period is involved in two preventable accidents, or a combination of the two, *or is convicted of a major traffic offense committed within the same period.*" (Emphasis supplied.)

Section (2)(d) of the rule defines a "major traffic offense" as "those offenses specified in ORS 487.530 and 484.010(5)." OAR 735-31-060(2)(d). *Former* ORS 487.530 lists several offenses, including DWS. *Former* ORS 487.530(5). Defendant's driving record shows that he was convicted of DWS on November 8, 1984, and, thus, that MVD was authorized to suspend under Step Four.

Section 3 of the rule provides that a person whose record of convictions brings the person under Step Four shall be considered a "habitual incompetent" within the meaning of *former* ORS 482.450(1)(d), which provides, in relevant part:

"(1) The division immediately may suspend the license of any person without hearing and without receiving a record of the conviction of such person of crime, when the division has reason to believe that such person:

"* * * * *

"(d) Is a habitual incompetent * * *.

"(2) *Whenever the division suspends the license of any person for any reason set forth in subsection (1) of this section, the division immediately shall notify the licensee and*

*afford him an opportunity of a hearing before a representative of the division* in the county wherein the licensee resides. The hearing shall be conducted as a contested case in accordance with ORS 183.310 to 183.550. Upon such hearing, the division either shall rescind the order of suspension, or, good cause appearing therefor, may continue, modify or extend the suspension of such license or revoke such license." (Emphasis supplied.)

Thus, defendant was *statutorily* entitled to a postsuspension hearing, and *State v. Tooley, supra,* applies to this case.

■　The remaining question under *Tooley* is whether MVD accurately notified defendant of his hearing rights. The notice informed defendant that he was entitled to a postsuspension hearing, *see State v. Adams,* 78 Or App 428, 717 P2d 212 (1986),[3] and, therefore, was sufficient under *State v. Tooley, supra.*

We also hold that the notice satisfies the requirements of due process. In *Dixon v. Love,* 431 US 105, 97 S Ct 1723, 52 L Ed 2d 172 (1977), the court held that a procedure virtually identical to that in *former* ORS 482.450 was sufficient to satisfy due process.

Reversed and remanded.

---

[3] In *Adams,* we held that a notice identical to the notice in this case did not accurately inform the defendant of his right to a *pre*suspension hearing. Here, however, defendant was statutorily entitled only to a *post*suspension hearing. The notice in this case was adequate to inform defendant of that right.