Argued and submitted December 23, 1985, reversed and remanded June 18, 1986

## STATE OF OREGON,
*Appellant,*

*v.*

## JACKIE LYNN ALBERT,
*Respondent.*

(85-841-K; A35467)

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL GENE STEELE,
*Respondent.*

(84-7311-K; A35468)
(Cases consolidated)

720 P2d 1326

Margaret E. Rabin, Assistant Attorney General, argued the cause for appellants. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and David L. Runner, Assistant Attorney General, Salem.

John Bourcier, Grants Pass, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In these consolidated cases, the state appeals separate orders of the trial court dismissing charges of driving while suspended (DWS). *Former* ORS 487.560.[1] The trial court held, purportedly pursuant to *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), that, when a driver's license is to be suspended, due process requires that the licensee be given notice of and opportunity for a presuspension hearing. Concluding that defendants were not given either notice or opportunity, the court dismissed the charges. We reverse.

Defendants received orders of suspension from the Motor Vehicles Division (MVD) informing each that, pursuant to *former* ORS 484.415(1) and (2),[2] their respective licenses would be suspended for failure to comply with a court order. In the case of Albert, the order of suspension informed her that she could prevent suspension by obtaining a clearance from the court before the effective date of the suspension. She did not seek a clearance, and her license was suspended. Under our recent decision in *State v. Jones,* 76 Or App 157, 708 P2d 1168 (1985), which involved the same essential facts and the identical issues as those raised by Albert, it was error to dismiss her DWS charge.

Concerning Steele's claims, we conclude that, although the suspension of his license was also for failure to comply with a court order, the notice that he received did not contain directions to obtain a clearance in order to prevent suspension. Instead, the reverse side of the order of suspension informed him that he was entitled to a formal hearing in connection with the suspension, if he requested a hearing within 20 days of the date of the notice.

---

[1] *Former* ORS 487.560 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 598, *as amended by* Or Laws 1985, ch 16 § 304; ch 672, § 6 (now ORS 811.175), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] *Former* ORS 484.415 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 387, *as amended by* Or Laws 1985, ch 16, § 203; ch 669, § 13 (now ORS 809.210); Or Laws 1983, ch 338, § 393, *as amended by* Or Laws 1985, ch 16 § 209; ch 669, § 15 (now ORS 809.220); Or Laws 1983, ch 338, § 394 (now ORS 809.230); Or Laws 1983, ch 338, § 395, *as amended by* Or Laws 1985, ch 16, § 210 (now ORS 809.240); Or Laws 1983, ch 338, § 393, *as amended by* Or Laws 1985, ch 669, § 14 (now ORS 809.250); Or Laws 1983, ch 338, § 388, *as amended by* Or Laws 1985, ch 16, § 204 (now 809.270); Or Laws 1983, ch 338, § 362, *as amended by* Or Laws 1985, ch 16, § 177; ch 597, § 23; ch 669, § 12 (now ORS 809.280), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

In *State v. Jones, supra,* we held that *Tooley,* as clarified, was a statutory case and that the failure accurately to notify a licensee of a statutory right to a hearing invalidates any suspension based on such notice. 76 Or App at 163. Because *former* ORS 484.415(1) and (2) did not require MVD to provide a pre-suspension hearing, we concluded that *Tooley* was inapplicable. We reach the same conclusion here.

The next inquiry is whether Steele was denied due process. This issue is controlled by *State v. Cowie,* 80 Or App 111, 720 P2d 1323 (1986). The only difference between *Cowie* and defendant Steele's case is that, in *Cowie,* the defendant's license was suspended for failure to appear, *former* ORS 484.210(2), and Steele's license was suspended for failure to comply. Because the risk of erroneous deprivation is equally minimal in failure to comply cases, Steele was not entitled to a pre-suspension opportunity to be heard. The trial court also erred as to Steele.

Reversed and remanded as to both defendants.