Argued and submitted December 23, 1985, reversed and remanded for trial
June 18, 1986

## STATE OF OREGON,
*Appellant,*

*v.*

## VERLYN P. COWIE,
*Respondent.*

(84-2570-K; A35626)

720 P2d 1323

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and David L. Runner, Assistant Attorney General, Salem.

No appearance for respondent.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals an order dismissing a charge of driving while suspended (DWS). *Former* ORS 487.560. We reverse.

On February 19, 1981, the Motor Vehicles Division (MVD) notified defendant that, pursuant to *former* ORS 484.210(2),[1] her license would be suspended for an indefinite period for failure to appear in court. The notice informed defendant that the suspension would not take effect for 20 days and that she was entitled to a formal hearing, if it was requested within 20 days. The notice also stated that, if she did not desire a formal hearing, she could informally contact the Division by phone or mail. Defendant did not contest the suspension, and it became effective on March 11, 1981. She was cited for DWS on March 15, 1984. The trial court dismissed the charge, deciding that, under *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), the notice of suspension failed to inform her accurately of her right to a pre-suspension hearing.

*State v. Tooley, supra,* is inapplicable, because MVD was not statutorily required to give a licensee a hearing before a suspension under *former* ORS 484.210(2). *See State v. Kauk,* 78 Or App 163, 714 P2d 635 (1986); *State v. Jones,* 76 Or App 157, 163, 708 P2d 1168 (1985).

The next question is whether defendant was denied procedural due process. US Const, Amend XIV. The state correctly concedes that a driver's license is a protected property interest. It argues, however, that defendant had two opportunities for a pre-suspension hearing. It first contends:

> "ORS 153.550 * * * prescribes procedures for failure to appear suspensions. Under subsection one, when a licensee is notified of the date and time for a hearing on a traffic offense, the notice must also contain a warning that failure to appear for the hearing subjects the person's license to suspension. Defendant presumably received such a notice in the present case. * * *[6] The Supreme Court held that this procedure alone was sufficient to afford due process in *State v. Stroup,* 290 Or 185, 196-97, 620 P2d 1359 (1980).

---

[1] *Former* ORS 484.210 was amended by Or Laws 1981, ch 818, § 26, and renumbered ORS 153.550 in 1981. ORS 153.550 was amended by Or Laws 1983, ch 399, § 1; ch 507, §2, and Or Laws 1985, ch 669, § 17.

114

"Appendix C [of the state's brief] is a copy of a notice received by defendant in connection with the current charge of driving while suspended. The notice presumably received by defendant in connection with the traffic offense for which defendant failed to appear was not made a part of the record. Nonetheless, the court may take judicial notice of the form of the notice and the fact that such notices are routinely received by defendants in traffic offense cases. *See* OEC 201; *State v. Tooley, supra,* 297 Or at 605."

We decline to take judicial notice as the state requests, because defendant would have no opportunity to be heard on the issue. *See* OEC 201(e).

■ The state's second argument is that the MVD notice informed defendant of her right to a pre-suspension hearing before MVD. However, in *State v. Adams,* 78 Or App 428, 717 P2d 212, *rev allowed* 302 Or 86 (1986), we held that an identical notice was insufficient to inform a licensee of his statutory right to a pre-suspension hearing. The MVD notice in this case is likewise insufficient to inform defendant of a constitutional right to a pre-suspension hearing, for the reasons given in *Adams.* The notice is, however, sufficient to inform defendant of a right to a *post*-suspension hearing. *See State v. James,* 78 Or App 433, 437 n 3, 717 P2d 214 (1986). Thus, in the present case, defendant received due process unless a post-suspension opportunity to be heard does not satisfy due process requirements. Resolution of that issue requires consideration of the following factors:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge,* 424 US 319, 335, 47 L Ed 2d 18, 96, S Ct 893 (1976)." *Mackey v. Montrym,* 443 US 1, 10, 99 S Ct 2612, 61 L Ed 2d 321 (1979).

■ At the time defendant's license was suspended, *former* ORS 484.190 (now ORS 153.540) provided that, in cases other than major traffic offenses or felonies, the defendant

could either appear in court at the time stated in the summons or, before that time, post bail and request a hearing. If the defendant requested a hearing, *former* ORS 484.210(1) (now ORS 153.550) required the court to fix a time and date therefor and to mail the defendant a notice, including a warning that the defendant's license was subject to suspension for failure to appear. *Former* ORS 484.210(2) provided:

> "If the defendant fails to appear for the hearing * * *, the court may notify the Motor Vehicles Division of the defendant's failure to appear. In the notification the court shall certify that notice was given the defendant as prescribed by subsection (1) of this section and that the defendant failed to appear for the hearing. Upon receipt of such notification, together with a fee of $5, the division shall suspend the defendant's license for an indefinite period. If the defendant thereafter makes his appearance before the court, the court shall notify the division of the fact and the division shall thereupon terminate the suspension * * *."[2]

We examine the statutory scheme in the light of the *Mathews v. Eldridge,* factors.

The private interest at stake here is substantially the same as that in *Dixon v. Love,* 431 US 105, 97 S Ct 1723, 52 L Ed 2d 172 (1977). As in *Dixon,* a licensee is not made entirely whole if the suspension is later vacated. 431 US at 113. The longer the delay before a licensee receives a *post*-suspension hearing, the greater the potential deprivation. There may be, as there was in *Dixon,* a substantial delay before a licensee receives a *post*-suspension hearing.[3] However, and again as in *Dixon,* the adverse effects of the delay are mitigated somewhat by the availability of an occupational license. *See former* ORS 482.475 (now ORS 807.240). Thus, "something less than an evidentiary hearing is sufficient [to provide due process] prior to adverse administrative action." *Dixon v. Love, supra,* 431 US at 113.

---

[2] The statutory scheme has since changed. Licensees are now subject to suspension for failing to appear at the time set in the summons if the citation is for a major traffic offense or, in other cases, for failing either to appear or to post bail and request a hearing. *See* ORS 153.540; 153.550; 809.220. Licensees are statutorily entitled to a hearing in all failure to appear cases except those involving major traffic offenses. *See* ORS 809.220(1)(a), (b); 809.280(5); 809.290(1); 809.300(1)(c), (2)(c).

[3] We can find no indication that *any* statutory time restraints were imposed on MVD in this regard.

As to the second factor, the only risk of erroneous deprivation of the license is the risk of clerical error. It is entirely discretionary with the court whether to send MVD a "no appearance" notice. MVD is required to suspend after receipt of the notice. The risk of misidentifying the licensee named in the notice is minimal.

The third factor, the state's interest, distinguishes this case from *Mackey* and *Dixon.* They involved an "important public interest in safety on the roads and highways, and in the prompt removal of a safety hazard" (drunk drivers and habitual traffic offenders, respectively). *Dixon v. Love, supra,* 431 US at 114. In contrast, the state's interest here is in coercing defendants to appear in court on minor traffic offenses. Although the absence of a public safety justification brings this case closer to *Bell v. Burson,* 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971), where the Court required a hearing on potential liability before suspension for failure to comply with financial responsibility laws, we nonetheless believe that the other factors previously discussed, and particularly the lack of any real likelihood of erroneous deprivation, weigh against requiring a pre-suspension hearing of any type. We therefore hold that defendant was not entitled to a pre-suspension opportunity to be heard.

Reversed and remanded for trial.