Argued and submitted July 28, 1986, conviction for driving while revoked reversed; otherwise affirmed February 11, appellant's motion for reconsideration filed February 13, allowed April 22, 1987
See 85 Or App 185 (1987)
Respondent's petition for reconsideration denied April 24, petition for review pending 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# DOUGLAS EUGENE ALDRICH,
*Appellant.*

(10-85-01927; CA A37536)

732 P2d 943

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his convictions for felony driving while revoked (DWR), *former* ORS 487.560 (now ORS 811.175), possession of a controlled substance, ORS 475.992(4)(b), and ex-convict in possession of a firearm. ORS 166.270.[1] We affirm in part and reverse in part.

Defendant's first assignment is that the court erred when it admitted the Motor Vehicles Division revocation order and refused to dismiss the DWR charge on its own motion. In these particular respects, the court did not err. At the close of the state's case, however, defendant moved for a judgment of acquittal on the ground that the notice and order of revocation were defective under *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). The court denied his motion. Defendant renewed his motion at the close of his case and, at the court's suggestion, at the close of the state's rebuttal. Although defendant did not assign as error that the court failed to grant his motion, his assignment encompasses the basis of his motion for judgment of acquittal. Accordingly, we reach the merits of his argument.

MVD received notification that defendant had been convicted in July, 1977, of felony hit and run. *Former* ORS 483.990(4). On June 1, 1978, it sent him a notice, dated May 30, 1978, by certified mail which stated that, pursuant to *former* ORS 486.211(3)(e), *former* ORS 482.440, and *former* ORS 482.430(1)(e), defendant's license would be revoked for "hit and run, personal injury" for an indefinite period of time beginning June 4, 1978. Defendant received the notice on June 2, 1978.

Defendant argues that, because the notice that MVD sent stated that the revocation of his license would be effective five days from its date, it was defective under *State v. Tooley, supra,* and so the subsequent revocation of his license could not support the charge of driving while revoked. The state responds that defendant's license was revoked pursuant to *former* ORS 482.430(1)(e) and that *Tooley* is inapplicable. We reverse the DWR conviction.

---

[1] Although defendant's brief states that he seeks reversal of all three convictions, he makes no argument for reversing the conviction for possession of a controlled substance.

■■ In *Tooley,* the court construed *former* ORS 486.221, which applied only when MVD "suspends or revokes [a] license * * * for any reason set forth in ORS 486.211 or 486.251." A driver's failure to stop and disclose his identity at the scene of an accident resulting in the death of or injury to another person was a ground for revocation of the driver's license under both *former* ORS 486.211(3)(e) and *former* ORS 482.430(1)(e).[2] In *State v. Jones,* 76 Or App 157, 161 n 4, 708 P2d 1168 (1985), we stated:

> "[In *State v. Tooley, supra,*] MVD revoked Tooley's license for felony driving while suspended, pursuant to ORS 486.221 and 482.430. Although ORS 482.430 does not require a hearing, the court held that Tooley was entitled to one. The implication of that holding is that, because the reason for the revocation was a 'reason set forth in ORS 486.211,' Tooley was entitled to a hearing under ORS 486.221, even though MVD had revoked pursuant to *both* ORS 486.211 and 482.430. In sum, ORS 486.221 applies not only to suspensions and revocations under ORS 486.211 and 486.251, but also to those under other statutes where the *reason* is one set forth in either 486.211 or 486.251." (Emphasis in original.)

The notice that MVD mailed to defendant was defective under *Tooley.* The subsequent revocation of defendant's license cannot support the DWR charge.

---

[2] *Former* ORS 486.211(3)(e) provides:

"Except as otherwise provided in ORS 482.280, the division shall revoke or suspend the license and the vehicle registration for all vehicles of any person who:

"* * * * *

"(3) Has been convicted in any municipal, justice, county, district or circuit court of this state, or by a court of competent jurisdiction of any state, of one of the following offenses:

"* * * * *

"(e) Failing to stop and disclose his identity at the scene of an accident resulting in the death of or injury to another person."

*Former* ORS 482.430(1)(e) provides:

"The division forthwith shall revoke any person's permit or license to operate motor vehicles upon receiving a record of the conviction of such person of any of the following offenses:

"* * * * *

"(e) A conviction of a driver of a motor vehicle involved in an accident resulting in the death or injury of another person, upon a charge of failing to stop and disclose his identity at the scene of the accident."

Defendant's second assignment is that the court erred when it admitted the record of his hit and run conviction to prove that he had previously been convicted of a felony, an element of the charge of ex-convict in possession of a weapon. The court did not err in admitting the exhibit, but defendant also moved for judgment of acquittal on the ground that the evidence showed that defendant had only been convicted of a misdemeanor. Although he does not assign the court's denial of his motion as error, his assignment encompasses the basis for his motion, and so we reach the merits of his argument.

Defendant relies on ORS 166.270(3)(a), which provides:

"For the purposes of [the ex-convict in possession of a weapon statute], a person 'has been convicted of a felony' if, at the time of conviction for an offense, that offense was a felony under the law of the jurisdiction in which it was committed. Provided, however, that such conviction shall not be deemed a conviction of a felony if:

"(a) At the time of conviction, and pursuant to the law of the jurisdiction in which the offense occurred, the offense was made a misdemeanor by the type or manner of sentence actually imposed."

He argues that, because the court imposed a "misdemeanor sentence," a maximum of one year in the county jail, he was not convicted of a felony for purposes of ORS 166.270.

In 1977,[3] ORS 161.525, which defines felony, provided:

"Except as provided in ORS 161.585 and 161.705, a crime is a felony if it is so designated in any statute of this state or if a person convicted under a statute of this state may be sentenced to a maximum term of imprisonment of more than one year."

Defendant does not dispute that the statute under which he was convicted, *former* ORS 483.990(4), designated hit and run as a Class C felony or argue that there was an applicable

---

[3] Because ORS 166.270(3)(a) refers to the status of the offense at the time of conviction, we look to the law then in effect.

exception under ORS 161.585 or ORS 161.705.[4] He relies on ORS 161.605, which then provided:

"The maximum term of an indeterminate sentence of imprisonment for a felony is as follows:

"For a Class A felony, 20 years.

"For a Class B felony, 10 years.

"For a Class C felony, 5 years.

---

[4] ORS 161.585 then provided:

"(1) When a crime punishable as a felony is also punishable by imprisonment for a maximum term of one year or by a fine, the crime shall be classed as a misdemeanor if the court imposes a punishment other than imprisonment under subsection (1) of ORS 137.124.

"(2) Notwithstanding the provisions of ORS 161.525, upon conviction of a crime punishable as described in subsection (1) of this section, the crime is a felony for all purposes until one of the following events occurs, after which occurrence the crime is a misdemeanor for all purposes:

"(a) Without granting probation, the court imposes a sentence of imprisonment to a correctional facility other than the penitentiary or the Oregon State Correctional Institution.

"(b) Without granting probation, the court imposes a fine.

"(c) Upon revocation of probation, the court imposes a sentence of imprisonment to a correctional facility other than the penitentiary or the Oregon State Correctional Institution.

"(d) Upon revocation of probation, the court imposes a fine.

"(e) The court declares the offense to be a misdemeanor, either at the time of granting probation, upon suspension of imposition of sentence, or an application of defendant or his probation officer thereafter.

"(f) The court grants probation to the defendant without imposition of sentence upon conviction and defendant is thereafter discharged without sentence.

"(g) Without granting probation and without imposing sentence, the court declares the offense to be a misdemeanor and discharges the defendant."

ORS 161.705 then provided:

"Notwithstanding ORS 161.525, when a person is convicted of any Class C felony under ORS 475.005 to 475.285 and 475.992 to 475.998 or when a person is convicted of a Class B felony pursuant to paragraph (a) of subsection (2) of ORS 475.992, if the court, having regard to the nature and circumstances of the crime and the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly. This section does not apply, however, in cases subject to ORS 475.995."

At trial, defendant expressly disavowed his reliance on ORS 161.585 and does not rely here on ORS 161.705. Moreover, both statutes are inapplicable.

"For an unclassified felony as provided in the statute defining the crime."

■ ORS 161.605 does not aid defendant. It does not provide that the status of the conviction is changed to a misdemeanor if the defendant receives a shorter sentence. At the time of defendant's conviction, no law made that conviction a misdemeanor because the court sentenced him to a maximum term of only one year in the county jail. We affirm defendant's conviction for ex-convict in possession of a weapon. *See, generally, State v. Pritchard,* 31 Or App 53, 569 P2d 690 (1977), *rev den* 281 Or 431 (1978).

■ Defendant's final assignment is that the court erred when it imposed more than one victim's assistance assessment pursuant to ORS 147.259(1), which provides, in part:

"Whenever a person is convicted in any court of a crime committed on or after September 1, 1983, the court shall impose upon the person a penalty assessment of $50 for a felony and $20 for a misdemeanor."

The statute provides for imposition of the assessment whenever a person is convicted of "a crime." Defendant was convicted of three crimes. *See* ORS 161.515. The court did not err in imposing three assessments.

Conviction for driving while revoked reversed; otherwise affirmed.