Argued and submitted October 6, 1987, decision of Court of Appeals and judgment of trial court reversed March 15, 1988

**PATRICK ANTHONY DOONEY,**
*Respondent on Review,*

*v.*

**STATE OF OREGON,**
Acting by and through the
**DEPARTMENT OF TRANSPORTATION,**
**MOTOR VEHICLES DIVISION,**
*Petitioner on Review.*

(TC CC85-2255; CA A39544; SC S34082)

751 P2d 790

Christine Ann Chute, Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the petition for review were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen L. Roman, Astoria, argued the cause for respondent on review.

CARSON, J.

Campbell, J., dissented and filed an opinion in which Lent, J. and Linde, J., joined.

**CARSON, J.**

This proceeding for declaratory and injunctive relief is a companion case to *State v. Adams,* 305 Or 330, 751 P2d 784 (1988) and *State v. Atkinson,* 305 Or 295, 751 P2d 784 (1988), both of which we also decide today. It concerns the required contents of a valid notice of intention to suspend driving privileges when the privileges were suspended for failure to take a chemical breath test. The question presented is whether valid notice required a statement that suspension would be stayed if the privilege holder requested a hearing.

Because there is no record of the proceedings in this matter, the facts are taken from the pleadings and memoranda of the parties. Plaintiff was arrested for Driving Under the Influence of Intoxicants (DUII) on March 30, 1984. At that time, he refused a police officer's request to take a chemical breath test. On May 4, 1984, defendant Motor Vehicles Division (MVD) notified plaintiff that it was suspending his driving privileges for this refusal, effective June 3, 1984, until October 1, 1984, under *former* ORS 482.540(1) and (2) and *former* ORS 482.440.[1] As required by *former* ORS 482.540(2), the notice informed plaintiff that he could request a hearing within 20 days of the date of the notice. That gave plaintiff until May 24, 1984, or until 10 days before the effective date of

---

[1] At the time of plaintiff's first suspension, *former* ORS 482.540 provided:

"(1) Upon receipt of the report of a police officer as required in ORS 487.805(2), and in accordance with subsection (2) of this section and ORS 482.550(1), the division shall suspend the reported person's license, permit or privilege to drive a motor vehicle in this state for a period of 120 days.

"(2) Upon receipt of the report of the police officer, the division shall notify the reported person by mail of the intention to suspend and allow said person a 20-day period after the date of mailing said notice to request in writing a hearing before a representative of the division as provided in this section. If no request is filed within the 20-day period, the division shall thereupon suspend the license, permit or privilege of the person to drive a motor vehicle.

"(3) Notice of intention to suspend or notice of an order of suspension shall be served as provided in ORS 482.570."

At the time of plaintiff's first suspension, *former* ORS 482.440 (now see ORS 809.360(4)) provided:

"Whenever the division or a court has reason under any laws of this state to suspend or revoke the license or permit of any person who has not been issued a current Oregon license or permit to operate motor vehicles or whose license is due to expire during a suspension period, the division or court shall suspend or revoke the right of such person to apply for a license or permit to operate motor vehicles in this state."

suspension, to request a hearing. Plaintiff did not make such a request.

On March 8, 1985, plaintiff was again arrested for DUII. He again refused to take a chemical breath test. This time, however, plaintiff requested a hearing. After the hearing, MVD suspended plaintiff's license for three years, from April 7, 1985, through April 7, 1988. MVD used plaintiff's first suspension to increase the penalty for the second suspension from one to three years, as required by *former* ORS 482.547.[2] The circuit court affirmed the three-year suspension.

Finally, in November 1985, plaintiff sought declaratory and injunctive relief in attacking the validity of the first suspension. He claimed that the first notice of suspension was both "constitutionally defective" and statutorily inadequate, citing *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984).[3] The circuit court granted plaintiff's request for relief and ordered MVD to treat the second suspension as a first suspension lasting for one year.[4] The Court of Appeals affirmed, citing *State v. Tooley, supra,* and its own decision in *State v. Adams,* 78 Or App 428, 717 P2d 212 (1986). *Dooney v. Department of Transportation,* 85 Or App 221, 735 P2d 1303 (1987). We reverse.

In *State v. Tooley, supra,* we concluded that the notice given was inadequate to inform the defendant of his right to contest revocation of his driver license before revocation went into effect. 297 Or at 609. The notice was given pursuant to *former* ORS 486.221. It informed the defendant that he had 20

---

[2] In March - April 1985, *former* ORS 482.547 (now see ORS 813.430) provided, in part:

"This section establishes circumstances under which ORS 482.545 requires an increase in the time for suspension of driving privileges and under which ORS 482.552 requires an increase in the time before the division may issue an occupational license. A person is subject to an increase in suspension or refusal time under this section if, within the previous five years, the person:

"(1) Was suspended under ORS 482.541 or was suspended for any reason under ORS 482.540 (1981 Replacement Part)."

[3] Plaintiff dropped his constitutional claim on appeal, arguing simply that he had a statutory right to a hearing. He asserted that *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), and *State v. Adams,* 78 Or App 428, 717 P2d 212 (1986), provide the standard against which to measure the notice which he was given.

[4] The court also ordered that the period during which plaintiff was barred from applying for an occupational driver license be reduced from one year to 90 days.

days from the date of the notice within which to request a hearing; at the same time, however, the notice stated that the revocation became effective within five days of the notice. The defendant also was told not to drive until reinstated and that reinstatement required a $25 fee.

In this case, the circuit court concluded that the notice given plaintiff had substantially the same "characteristics" as the defective notice given the defendant in *State v. Tooley, supra.* This case is similar to *Tooley* because both cases involve statutory rights and neither involves an issue of constitutional interpretation.

In *Tooley,* however, we found the notice defective because it "incorrectly communicated that the revocation went into effect regardless of defendant's request for a hearing and remained in effect unless and until defendant prevailed." 297 Or at 609. That language might be taken to mean that notice requirements may be other than what the legislature specifies by statute. That is not the yardstick by which we measure the required contents of the notice in this case, and we specifically disavow such language.[5]

Moreover, *Tooley* concerned different statutory requirements for notice. *Tooley* involved the notice requirement *(former* ORS 486.221) for revocation or suspension because of a *motor vehicle felony (former* ORS 486.211(3)(c)). This case involves the notice requirement *(former* ORS 482.540(2)) for suspension because of the *refusal to take a chemical breath test (former* ORS 487.805(2) and *former* 482.540(1)).

When a person refused a police officer's request to take a chemical breath test, *former* ORS 482.540(2) required that MVD notify the person of its intention to suspend his or her driving privileges and allow the person 20 days from the date of the notice within which to request a hearing. *Former* ORS 482.540(3) provided that "[n]otice of intention to suspend or notice of an order of suspension shall be served as

_____

[5] *See also State v. Atkinson,* 305 Or 295, 751 P2d 784 (1988), also decided today.

provided in ORS 482.570." *Former* ORS 482.570[6] provided, in part, that MVD "shall give notice of such action [suspension] to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court."

Plaintiff was given notice which sufficiently complied with these requirements. The notice informed plaintiff that MVD had received the police officer's report of his refusal to take a breath test, that his license consequently would be suspended and when the suspension would take effect. It then advised plaintiff that he could request a hearing. Plaintiff was told that he had 20 days from the date of the notice within which to make such a request. The notice fully complied with the requirements of *former* ORS 482.540(2) and (3) and *former* 482.570. Thus, the notice was adequate to support plaintiff's first suspension under *former* ORS 482.540.

The decision of the Court of Appeals and the judgment of the trial court are reversed.

**CAMPBELL, J.,** dissenting.

I dissent.

The Court of Appeals, citing *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984) and *State v. Adams,* 78 Or App 428, 717 P2d 212 (1986), in effect held that the suspension of Dooney's driver's license was not valid because the Motor Vehicles Division (MVD) failed to give him the required statutory notice that he was entitled to a presuspension hearing. The Court of Appeals should be affirmed.

I have several disagreements with the majority opinion, and I will set them out in a piecemeal fashion.

---

[6] At the time of plaintiff's first suspension, *former* ORS 482.570 (now see ORS 809.430) provided:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

*The Motor Vehicles Division's Shift of Position.*

The MVD, as appellant, stated in its blue brief in the Court of Appeals: "*Former* 486.221 governs Dooney's suspension." This was not a typing mistake. Later in a footnote it said: "ORS 486.221 does not apply to all suspension or revocations of drivers' licenses. It does govern here." Dooney, in his red brief in the Court of Appeals responded as follows:

"Dooney does not necessarily agree that a clear reading of *former* ORS 486.221 applies as MVD concedes, but if it does, *State v. Tooley, supra,* clearly established that *former* ORS 486.221 provides the right to a presuspension hearing. The only question remaining would, therefore, revolve around the sufficiency of the notice of intent to suspend.

"Dooney argues, however, that he is afforded a separate and distinct right to a presuspension hearing, apart from what may be afforded by *former* ORS 486.221, under *former* ORS 482.540(2). That statute provided in part that MVD was to allow:

"* * * a 20-day period after the mailing of said notice to request in writing a hearing * * * *if no request is filed* within the 20-day period, the division shall thereupon *suspend* the license ....*" (Emphasis by Dooney.)

MVD, as petitioner in this court, abandons its position that *former* ORS 486.221 governs Dooney's suspension and states: "The Division suspended Dooney's license pursuant to ORS 482.540 which, along with ORS 482.560(3), requires the opportunity for a pre-suspension hearing."[1]

I would not allow MVD to change its position in this court. It should be required to keep the position that it took in the Court of Appeals. If ORS 486.221 applied to Dooney's

---

[1] There is no ORS 482.560(3). MVD probably meant *former* ORS 482.560(1) which provided:

"482.560. (1) If after a hearing as provided by ORS 582.540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he received notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions.

"(2) No order of suspension issued in accordance with ORS 482.550 (1) shall take effect until the time to appeal has expired. If an appeal is filed, the order of suspension shall take effect when affirmed on appeal or when the appeal is dismissed."

suspension, then *Tooley* controls and the MVD is a clear loser, because the notice did not advise Dooney that he was entitled to a presuspension hearing.

*The Majority's Comments about State v. Tooley.*

The majority makes the following statement:

"In *Tooley,* however, we found the notice defective because it 'incorrectly communicated that the revocation went into effect regardless of defendant's request for a hearing and remained in effect unless and until defendant prevailed.' 297 Or at 609. That language might be taken to mean that notice requirements may be other than what the legislature specifies by statute. That is not the yardstick by which we measure the required contents of the notice in this case, and we specifically disavow such language." 305 Or at 311. (Footnote omitted.)

It seems to me that the majority is overruling *Tooley* without saying so.

The *Tooley* decision was published in 1984. It was a unanimous opinion by the full court. Six of the seven members who signed that opinion are participating in this opinion. The legislature has met twice since 1984, and I know of no legislation that has been enacted which would change the effect of the *Tooley* decision.

In *Tooley* this court also said: "The Division is required to provide notice and an opportunity for a hearing *prior to* revoking or suspending a license for the reasons set forth in ORS 486.211." 297 Or at 607 (emphasis in original). We also said the "notice requirement [of ORS 486.221] is designed to apprise the licensee of the Division's action and of the means to contest the action before the revocation goes into effect." 297 Or at 606. Does the majority also "disavow" these statements?

*The Majority's Interpretation and Application of Former ORS 482.570.*

The statute which gave the defendants a right to a presuspension hearing in both *State v. Tooley* and *State v. Adams, supra,* was *former* ORS 486.221, which in relevant part provided:

"Before the division suspends * * * the license of any person

* * *, the division shall notify the licensee * * * as set forth in ORS 482.570."

The statute which gave Dooney the right to a pre-suspension hearing in this case is *former* ORS 482.540. The portion of that statute which is relevant to this inquiry is:

"Notice of the intention to suspend or notice of an order of suspension shall be served as provided in ORS 482.570."

Thus, it can been seen that both *former* ORS 486.221 and *former* ORS 482.540 refer to *former* ORS 482.570 for the purpose of serving the notice upon the defendant driver.

*Former* ORS 482.570 provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

There are three different possible interpretations of the legislative scheme provided by the combination of *former* ORS 482.540(3) and *former* ORS 482.570 as it pertains to the service of the notice by MVD upon Dooney. First, the notice shall be served in the *manner* provided by former ORS 482.570, that is, "either by mailing * * * by certified mail restricted delivery, return receipt requested * * * or, by personal service in the same manner as summons is served * * *." Second, "the notice shall state the nature and reason for the action." Third, a combination of the first and second interpretations.

In this case Dooney did not receive an adequate notice under any of the three above interpretations.

The notice in this case was dated May 4, 1984. Its contents were different from the notices in *Tooley* and *Adams*. The relevant parts of the Dooney notice are as follows:

"We have received a police officer's Sworn Report that you refused to submit to a chemical breath test on 03-30-84.

"As a result, YOUR DRIVING PRIVILEGES WILL BE SUSPENDED EFFECTIVE 12:01 A.M. ON 06-03-84 UNTIL 10-01-84, in accordance with ORS 482.540(1)(2), ORS 482.440.

"You may request a formal hearing to contest the elements of the Sworn Report as found in ORS 487.805. If you request a hearing, the request MUST be in writing and MUST be post marked within 20 days of the date of this notice.

"* * * * *

"Once a suspension goes into effect, ORS 482.505 requires that a $25 reinstatement fee be paid to the Motor Vehicles Division before a license can be fully reinstated. This fee is IN ADDITION to any other requirements which may be necessary for a license reinstatement. By law, a suspended license must be returned to the Division.

"You may be eligible to apply for an occupational license during the suspension period. Applications are available at local DMV offices."

This case is not as complicated as *Tooley.* There a large part of the battle concerned whether Tooley was entitled under *former* ORS 486.221 to a presuspension hearing. The decision in *Tooley* does not directly refer to *former* ORS 482.570. This would lead to the conclusion that the *Tooley* court determined that the statute only directed the manner of the service of summons—that is, served by mail or personal service. Then, as determined by the *Tooley* opinion, the contents of the notice had to comply with the statute that allowed the presuspension hearing, *former* ORS 486.221.

Here the MVD agrees that Dooney was entitled to a presuspension hearing as provided by former ORS 482.540. It argues that it complied with *former* ORS 482.570 because the above-quoted notice stated "the nature and reason of the action." Therefore, it claims that it did everything the legislature requires because it met the literal wording of the statute.

I disagree. Here *former* ORS 482.570 and *former* ORS 582.540 must be read together. The latter provided:

"(1) Upon receipt of this report of a police officer as required in ORS 587.805(2), and in accordance with subsection (2) of this section and ORS 482.550(1), the division shall suspend the reported person's license, permit or privilege to drive a motor vehicle in this state for a period of 120 days.

"(2) Upon receipt of the report of the police officer, the division shall notify the reported person by mail of the intention to suspend and allow said person a 20-day period after the date of mailing said notice to request in writing a hearing before a representative of the division as provided in this section. If no request is filed within the 20-day period, the division shall thereupon suspend the license, permit or privilege of the person to drive a motor vehicle.

"(3) Notice of intention to suspend or notice of an order of suspension shall be served as provided in ORS 482.570."

The "nature and reason for the action" taken by MVD is set out in the above statute. The "action" is that Dooney's driver's license may be suspended. The "reason" for the action is that the MVD has received a report from a police officer that Dooney has refused to take a breath test. The "nature" of the action is not separately defined. It must have a meaning different from "reason" or the legislature would have used a single term. One of Webster's definitions for "nature" is: "the inherent character or basis constitution of a thing." I submit that a presuspension hearing is a part of "nature" of the action and the legislature required that the licensee be given such notice.

*Former* ORS 582.540 specifically provides *"the division shall notify* the reported person by mail *of the intention to suspend."* (Emphasis added.) The above quoted notice did not notify Dooney that his license would be suspended if he did not request a hearing. The notice in unequivocal terms stated "YOUR DRIVING PRIVILEGES WILL BE SUSPENDED EFFECTIVE 12:01 A.M. ON 06-03-84." The average reader would interpret the notice to mean that he could have an after-the-fact hearing to contest the police officer's report.

*Fair is Fair.*

If Yogi Berra during his long baseball career has not said "fair is fair" then his one-time manager, Casey Stengel, should receive the credit.

The above quoted notice is unfair and misleading. The statute, *former* ORS 582.540, provided that Dooney should have been notified of MVD's *intention to suspend.* It would have taken no additional effort on MVD's part to have notified Dooney, "YOUR DRIVING PRIVILEGES WILL BE SUSPENDED EFFECTIVE 12:01 A.M. ON 06-03-84

*UNLESS YOU APPLY FOR A PRESUSPENSION HEAR-
ING WITHIN 20 DAYS FROM THE DATE OF THIS
NOTICE."* Or it could have notified him, "You may request a
formal *presuspension* hearing to contest the elements of the
sworn report."

There is nothing in the MVD's notice to Dooney that
suggests or implies that if he applies for a hearing the suspen-
sion will be abated or continued from and after the June 3,
1984 date or until the hearing is held.

If a person in Dooney's shoes after reading that his
license was going to be suspended effective "12-01 A.M. on 06-
03-84 UNTIL 10-01-84" concluded that a request for a hear-
ing would be for an after the fact hearing, his conclusions
would have been reinforced when he read that there was a
reinstatement fee of $25 and that he might be eligible for an
occupational license.

The deficiencies in the notice given Dooney are not as
gross as those in *Tooley* and *Adams* but they are enough to
render it invalid.

*A Hurricane in a Bath Tub.*

In this case the MVD on May 4, 1984 mailed the
notice in question to Dooney. It notified Dooney that "YOUR
DRIVING PRIVILEGES WILL BE SUSPENDED EFFEC-
TIVE 12:01 A.M. ON 6-03-84." The statute which triggered
this controversy and gave Dooney the right to a presuspension
hearing was *former* ORS 482.540. That statute was repealed
effective July 1, 1984 and replaced by *former* ORS 482.541, an
entirely different statutory scheme.[2] It is highly probable that
this case will only be important to decide its own particular
facts and legal problem. After a lapse of almost four years it is
not likely that there are any similar cases in the pipeline.

Justices Lent and Linde join in this dissent.

---

[2] For the most part *former* ORS 482.541 has been recodified as ORS 813.410.