Submitted on remand from the Oregon Supreme Court May 3, affirmed in part and reversed in part July 6, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS EUGENE ALDRICH,
*Appellant.*

(10-85-01927; CA A37536)

757 P2d 440

Gary D. Babcock, Public Defender, and Ernest E. Estes, Deputy Public Defender, Salem, for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

The Supreme Court reversed and remanded our decision, 83 Or App 643, 732 P2d 943, *on reconsideration* 85 Or App 185, 735 P2d 1288 (1987), for reconsideration in the light of its opinions in *State v. Atkinson,* 305 Or 295, 751 P2d 784 (1988), and *Dooney v. Department of Transportation,* 305 Or 307, 751 P2d 790 (1988).

In our original opinion we stated:

"MVD received notification that defendant had been convicted in July, 1977, of felony hit and run. *Former* ORS 483.990(4). On June 1, 1978, it sent him a notice, dated May 30, 1978, by certified mail which stated that, pursuant to *former* ORS 486.211(3)(e), *former* ORS 482.440, and *former* ORS 482.430(1)(e), defendant's license would be revoked for 'hit and run, personal injury' for an indefinite period of time beginning June 4, 1978. Defendant received the notice on June 2, 1978." 83 Or App at 645.

The requirements for notice applicable here were in *former* ORS 486.221, as interpreted in *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). The notice here did not comply with those requirements.

In *State v. Atkinson, supra,* the Supreme Court reviewed the statutory requirements for notice under *former* ORS 484.718(2). In *Dooney v. Department of Transportation, supra,* the Supreme Court reviewed the statutory requirements for notice under *former* ORS 482.540(2). *Atkinson* and *Dooney* each concerns statutory requirements for notice different from those at issue here. The Supreme Court did not overrule *Tooley.* Accordingly, having reconsidered our decision, we reaffirm our former opinions and reach the same result.

Conviction for driving while revoked reversed; victim's assistance assessment for conviction for driving while revoked reversed; otherwise affirmed.