Argued and submitted February 16, affirmed September 22, 1999, petition for review denied January 18, 2000 (329 Or 589)

STATE OF OREGON,
*Respondent,*

*v.*

OLAF JOHNSON,
*Appellant.*

(970847403; CA A100177)

988 P2d 913

Sandra Y. Vallejo filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Laura S. Anderson, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

In this criminal case, defendant was convicted of second-degree trespass, ORS 164.245, on the ground that he had unlawfully entered a drug free zone within the City of Portland after being issued an exclusion order based on his possession of a controlled substance. On appeal, defendant seeks reversal of his conviction on the ground that the exclusion order was unlawful because the face of the order did not indicate that the exclusion would not go into effect during the pendency of an appeal of the order. For the following reasons, we affirm.

In July 1997, defendant was arrested within a drug free zone after a police officer found a crack pipe in his possession. He was issued an exclusion order that provided in part:

"Pursuant to the authority granted under Portland City Code Chapter 14.100, you are hereby initially excluded for a period of ninety (90) days from entering or remaining in any Drug-Free Zone. REFER TO ATTACHED MAP.

"Your initial exclusion will take effect seven (7) calendar days from receipt of this notice. * * *

"IF YOU ENTER OR REMAIN IN ANY DRUG-FREE ZONE DURING EITHER EXCLUSION PERIOD, YOU ARE SUBJECT TO ARREST FOR CRIMINAL TRESPASS IN THE SECOND DEGREE (ORS 164.245).

"* * * * *

"Appeal of * * * exclusion * * * must be presented in writing to the Code Hearings Officer, Room 1017, Portland Building, 1120 SW Fifth Avenue, Portland, Oregon 97204. This appeal must be filed within seven (7) calendar days of receipt of the initial 90 day exclusion[.]"

Defendant did not appeal the exclusion order. In August 1997, defendant reentered the drug free zone and was arrested for second-degree trespass. In the course of a bench trial, the state presented evidence that defendant had been excluded pursuant to the drug free zone ordinances and that he had reentered the drug free zone in violation of the exclusion order. Defendant moved for a judgment of acquittal

on the ground that the state had failed to prove one of the elements of second-degree trespass: that he had entered or remained in the drug free zone "unlawfully." ORS 164.245.[1] Defendant argued that the Due Process Clause of the Fourteenth Amendment to the United States Constitution required that the exclusion order inform him not only of his right to appeal the exclusion, but also inform him that the exclusion would not go into effect during the pendency of an appeal.[2] The trial court denied defendant's motion and found defendant guilty of second-degree trespass.

■    On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal. As an initial matter, the state argues that defendant may not raise this issue by way of a motion for judgment of acquittal but must raise it by demurrer, because the state concludes that defendant is arguing that the indictment failed to allege an offense. We disagree. The crime alleged was second-degree trespass, which, under these circumstances, requires proof that a person remain in a public place "after being lawfully directed" to leave. Defendant's challenge concerns whether he was "lawfully directed" to leave. That is an evidentiary matter that must be resolved by reference to the exclusion order—it is not a matter that can be resolved on the face of the indictment. *See State v. Pinnell*, 319 Or 438, 444, 877 P2d 635 (1994) (a demurrer to an indictment must be based on defects appearing on the face of the accusatory instrument).

**2.**    Defendant relies on a line of cases that concern the adequacy of various notices of suspension. We conclude, for the reasons explained below, that those cases did not rest on federal due process but on statutory authority. The first in this line of cases is *State v. Tooley*, 297 Or 602, 687 P2d 1068 (1984), in which a defendant was charged with driving while revoked, based on an underlying driver's license revocation

---

[1] ORS 164.205(3)(b) defines "enter or remain unlawfully," as relevant here, as: "To fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge."

[2] Portland City Code (PCC) 14.100.060A.5 provides:

"The initial ninety (90) day exclusion shall not take effect during the pendency of an appeal thereof. If no appeal is taken, the initial ninety (90) day exclusion shall take effect on the seventh (7) calendar day from issuance of the notice."

that was invalid. The defendant argued that the underlying revocation was void, and the state contended that the validity of the underlying revocation was irrelevant. *Id.* at 605. The court concluded, based on the wording of the statute pertaining to license revocation, that defendant was entitled to notice and an opportunity for a hearing before any revocation occurred. *Id.* at 607. The court went on to note that the statutory provisions were designed to comport with the Due Process Clause of the Fourteenth Amendment. *Id.* at 607-08.

In a subsequent case the court went on to clarify that the *Tooley* analysis was statutory, not constitutional. In *State v. Atkinson*, 305 Or 295, 751 P2d 784 (1988), which concerned the adequacy of a notice of revocation of driving privileges based on a habitual traffic offender statute, the question was whether a notice that failed to inform the driver that the revocation would be stayed pending a requested hearing was statutorily sufficient.[3] The court concluded that it was not but also noted: "This case is similar to *Tooley*—resolution of both cases turns solely on statutes. In neither case is an issue of constitutional interpretation involved." *Id.* at 299.

Similarly, in *Dooney v. Dept. of Transportation*, 305 Or 307, 309, 751 P2d 790 (1988), decided on the same date as *Atkinson*, the court considered "the required contents of a valid notice of intention to suspend driving privileges" for refusal to take a chemical breath test. The court distinguished *Tooley*, indicating that the notice in that case was defective because it communicated incorrect data, whereas in *Dooney*, although the notice given did not indicate that suspension would be stayed during the pendency of a hearing, it did provide notice in conformity with the governing statute. *Id.* at 312. Again, the court emphasized that *Tooley* was not to "be taken to mean that notice requirements may be other than what the legislature specifies by statute." *Id.* at 311. *See also State v. Jones*, 76 Or App 157, 708 P2d 1168 (1985) (*Tooley* stands for the proposition that, if MVD fails to notify a licensee accurately of a *statutory* right to a hearing, then

---

[3] The statute in question provided that the notice "shall" inform the person of "[t]he date that the revocation of the person's driving privileges shall take effect unless a hearing is requested." *Id.* at 297.

suspension based on that notice cannot support a DWS or DWR conviction).

Defendant argues that the present case is more like *Tooley* and *Atkinson* than like *Dooney*. We disagree. In *Tooley*, the defendant was given inaccurate information, and in *Atkinson* the notice that was given failed to comply with a specific statutory requirement. *See* note 3. In *Dooney,* as in the present case, the person receiving the order had a set time to appeal, and if no appeal was taken, the order went into effect. *Compare* PCC 14.100.060A.5, *quoted* at note 2, *with former* ORS 482.540(2), *quoted* in *Dooney*, 305 Or at 309 n 1. Neither the statute in *Dooney* nor the ordinance in the present case indicates that a person issued an order must be informed that the order would be stayed if the person chose to appeal. We find the present case to be indistinguishable from *Dooney*.

To the extent that defendant is pursuing his argument that the Due Process Clause itself requires notice that explains what effect an appeal will have on an exclusion, defendant cites no authority for such a proposition. Most procedural due process notice and hearing requirements stem from the United States Supreme Court's decision in *Mathews v. Eldridge*, 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976), which indicates that such procedural protections involve balancing the nature of the private interest involved, the risk of erroneous deprivation of such an interest given the nature of the procedure used, in light of other possible safeguards, and the nature of the government interest involved. *Id.* at 335. Defendant's assertion that he has a right to be informed in an initial notice of one of the possible effects of an appeal has nothing to do with any of those factors. It is not, for example, an additional procedural safeguard that would somehow decrease the risk of erroneous deprivation. In *City of West Covina v. Perkins*, 525 US 234, 119 S Ct 678, 142 L Ed 2d 646 (1999), the Supreme Court considered and rejected an argument that the Due Process Clause required notice to a person whose property had been seized pursuant to warrant that specified the means by which a person could challenge the seizure pursuant to state law. The Court noted that a primary purpose of due process notice requirements is "to ensure that the opportunity for a hearing is meaningful." 525

US at 240. Thus, the Court held the notice must inform a person that the property had been taken and by whom it had been taken. "No similar rationale justifies requiring individualized notice of state-law remedies which, like those at issue here, are established by published, generally available state statutes and case law." *Id.*

In the present case, the exclusion ordinance did not require that the exclusion notice contain information that specified the effect of an appeal on the exclusion. The Due Process Clause also does not impose any such requirement, as such a requirement would not advance the goals of providing individuals with a meaningful opportunity to be heard or of reducing the risk of erroneous deprivation of rights. The trial court correctly denied defendant's motion for a judgment of acquittal.

Affirmed.