Argued and submitted March 31, affirmed November 18, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM LEWIS BARNES,
aka William L. Barnes,
*Defendant-Appellant.*

## Multnomah County Circuit Court
070241459; A136220

220 P3d 1195

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, Appellate Division, and Travis S. Eiva, Deputy Public Defender, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Rolf C. Moan, Acting Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Defendant appeals a judgment of conviction for trespass in the second degree. ORS 164.245. The information alleged that defendant entered the Portland State University (PSU) campus after he had been issued a lawful order excluding him from campus. Defendant assigns error to the trial court's denial of his motion for a judgment of acquittal based on insufficiency of the evidence. Defendant contends that the state failed to prove that the order excluding him from the PSU campus was lawful. We view the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found that the state proved the elements of the crime. *State v. Turley*, 202 Or App 40, 48, 120 P3d 1229 (2005), *rev den*, 340 Or 157 (2006). We affirm.

This case arose on the PSU campus, which is a public university. Many, but not all, areas on the PSU campus are open to the public. One area that is not open to the public is the third-floor lounge in the Smith Memorial Building.

Defendant, who is not a PSU student, was sitting in the third-floor lounge of the Smith Memorial Building in December 2006. A PSU public safety officer noticed defendant, approached him, and then asked him if he was a PSU student. Defendant answered that he was not a PSU student. The officer issued to defendant a criminal trespass warning that stated:

> "You have been ordered to leave the Portland State campus and not to return. If you return or remain, you will be subject to administrative and/or criminal prosecution.

> "This warning is effective for two years from date of issue. If you return, you can be arrested for criminal trespass, merely because you are within the campus boundaries, and on campus property.

> "* * * * *

> "* * * If you wish to have this warning withdrawn, you must mail a petition to our office. It will be reviewed and a decision communicated to you in writing."

(Citations omitted.)

In January 2007, about one month after defendant received the criminal trespass warning, another public safety officer saw defendant on the PSU campus. The officer recognized defendant and recalled that defendant had been excluded from campus. Accordingly, the officer arrested defendant and cited him for criminal trespass in the second degree.

At trial, one of the state's witnesses explained the PSU appeal process that was described in the warning. After a criminal trespass warning is issued, the recipient may petition for review by mailing a petition to the PSU Public Safety office. The director of that office reviews the petition and discusses it with the issuing officer and the person excluded before making a decision regarding the petition. Although defendant testified that he had submitted a written petition, the record does not include any such petition. Rather, a PSU public safety officer testified, "To my knowledge, [defendant] hasn't requested an appeal."

Defendant moved for a judgment of acquittal, arguing that the criminal trespass warning was not a lawful order because PSU did not provide him with an adequate opportunity for review. According to defendant, the criminal trespass warning violated his right to procedural due process pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[1] The trial court denied defendant's motion. The jury convicted defendant. On appeal, defendant renews his argument. The state argues that the evidence establishes that defendant's due process rights were not violated. We agree with the state.

■ To prevail at trial, the state had to produce sufficient evidence to show that the criminal trespass warning was a lawful order that excluded defendant from the PSU campus. As relevant to this case, "a person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully * * * in or upon the premises." ORS 164.245. A person enters unlawfully if the person "enter[s] premises that are open to the public after being lawfully directed not to enter the premises." ORS 164.205(3)(c).

---

[1] The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides, "No State shall * * * deprive any person of life, liberty or property, without due process of law."

PSU is a publicly owned university, and parts of the PSU campus are open to the public. *See* OAR 577-071-0010(12) (1983) (defining public areas as "[u]niversity facilities which are, by their physical nature, function, custom or usage, generally open to the public"); OAR 577-071-0010(13) (1983) (defining parts of a public university campus that are generally not open to the public). Defendant argues that, when PSU issues a criminal trespass warning, the warning is a lawful exclusion order only if the person excluded is provided procedural due process.

■ ■ Procedural due process generally requires that an exclusion order provide a meaningful opportunity for review that reduces the risk of erroneous deprivation. *State v. Johnson*, 163 Or App 74, 79, 988 P2d 913, *rev den*, 329 Or 589 (1999). We determine what process is due by balancing the nature of the private interest involved; the risk of erroneous deprivation of such an interest given the procedure used, in light of the possible safeguards; and the nature of the government interest involved. *Id.* (citing *Mathews v. Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976)).

Here, defendant argues that the criminal trespass warning deprived him of procedural due process and, therefore, the warning was not a lawful order. We do not reach that question because the record shows that PSU provided defendant with an opportunity for review of his criminal trespass warning and that defendant did not use the review process that PSU provided. Defendant cannot argue that PSU denied him procedural due process when the record establishes that defendant did not take advantage of the process available to him. Taking the evidence in the light most favorable to the state, we conclude that there was sufficient evidence to prove that defendant was issued a lawful order.[2]

Accordingly, the trial court did not err when it denied defendant's motion for a judgment of acquittal.

Affirmed.

---

[2] We do not decide whether PSU's administrative review process satisfies due process requirements. Rather, we merely hold that a rational factfinder could find that the criminal trespass warning was a lawful order.