ORTEGA, P. J.
*820 Defendant was charged with four counts of criminal trespass in the second degree in violation of Eugene City Code (ECC) 4.807.[1] He was found guilty on all counts in municipal court and appealed to the circuit court, where he was convicted of those crimes.[2] On appeal, defendant raises three assignments of error. However, we reject defendant's second assignment of error without written discussion, writing only to address his first and third assignments, in which he asserts that the trial court erred in denying his motions for judgment of acquittal. Defendant received a notice of trespass after he was found sleeping in a locked University of Oregon (UO) building and, because he violated that notice, he received four citations for criminal trespass in the second degree, which resulted in the convictions at issue. He contends that the underlying notice was unlawful, as it did not provide due process to allow him to challenge its constitutionality and, as a result, the trial court should have granted his motions for judgment of acquittal. We conclude that, because defendant has not identified any constitutionally protected interest that was infringed by the notice of trespass, we cannot determine that any process was due in depriving him of that interest. Therefore, we affirm.
In reviewing a denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the city to determine whether a rational trier of fact could have found that it proved the elements of the crime. State v. Barnes , 232 Or.App. 70, 72, 220 P.3d 1195 (2009).
Defendant was found asleep in a building on UO's main campus after it was closed and locked. An officer questioned defendant and, after concluding that he "had no authorized basis to be in the building at that time," issued a notice of trespass to defendant. The notice provided that defendant was excluded from campus buildings and any other property owned by UO (including streets, sidewalks, and parking lots) for 18 months, and that if he returned *821 without prior approval from the UO chief of police or a designee, "he would be treated as a trespasser." The notice also stated that he could appeal that status to UO's chief of police. Through an attorney, defendant wrote a letter to the chief challenging the constitutionality of the notice of trespass, but the chief denied his appeal "on the basis that it was not supported by any factual basis that justified lifting the trespass." Defendant was not provided information on any procedure for appealing the chief's decision.
Soon after receiving the notice, defendant was allowed to enter UO's campus for an event, but only after receiving permission from the chief. However, on several occasions, he returned to campus while the notice *1143 was still in effect and without prior approval, and he received four separate citations for second-degree criminal trespass in violation of ECC 4.807. Charges were filed against defendant in municipal court, and he filed a motion to dismiss on the grounds that the underlying notice of trespass violated his due process rights and, as a result, provided no lawful basis for UO to exclude him from campus. The municipal court denied his motion, and defendant was found guilty of four counts of trespass. He appealed that decision to the circuit court and filed motions for judgment of acquittal on two occasions-after the city's case-in-chief and again at the end of presenting his case-arguing, as he did in municipal court, that the initial notice of trespass could not provide a lawful basis to exclude him from campus. The trial court denied the motions, upholding the convictions.
On appeal, defendant renews his argument that the underlying notice of exclusion violated his due process rights and could not be used to exclude him from the UO campus. Defendant contends that UO is a public forum and that he, like any member of the public, has a right to be there; the unavailability of process to challenge the constitutionality or legitimacy of the notice-that is, "no opportunity for an actual hearing or judicial review"-deprived him of his due process rights. Consequently, in defendant's view, the notice was unlawful, he could not have committed trespass by continuing to enter the campus in violation of the notice, and the trial court therefore erred in denying his motions for judgment of acquittal.
*822 The city responds that defendant had no constitutionally protected interest in accessing the campus and, therefore, had "no due process rights with respect to being excluded from the UO's property." Because we conclude that defendant has not identified a constitutionally protected interest that the notice impinged on, we cannot determine that any process was due in depriving him of that interest.[3] Accordingly, we conclude that the trial court did not err in denying defendant's motions for judgment of acquittal.
Oregon's criminal trespass law provides that "[a] person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully * * * in or upon premises." ORS 164.245(1). ORS 164.205(3)(c) defines "enter or remain unlawfully" for these purposes as "[t]o enter premises that are open to the public after being lawfully directed not to enter the premises." Defendant argues that the notice of exclusion was not lawful because he was not provided with any process by which to challenge it.
That alleged absence of process violated defendant's right to due process only if the exclusion order deprived defendant of a constitutionally protected liberty or property interest. State v. Koenig , 238 Or.App. 297, 310, 242 P.3d 649 (2010), rev. den. , 349 Or. 601, 248 P.3d 419 (2011) (affording a defendant due process rights where his "protected liberty interest in petitioning his government for redress of grievances * * * was constrained by [a] notice of exclusion"). The notice of exclusion in this case provided that defendant was excluded from campus buildings and any other property owned by UO (including streets, sidewalks, and parking lots) for 18 months, and that if he returned without prior approval from the UO chief of police or a designee, "he would be treated as a trespasser." Beyond arguing that UO is a public forum that may not exclude him from its campus, defendant has not identified a constitutionally protected interest that is affected by the notice.
Although UO is a publicly owned university, ORS 352.002(1), the public does not have unlimited access to its *823 campus. As the Ninth Circuit Court of Appeals explained in Souders v. Lucero , 196 F.3d 1040, 1044 (9th Cir. 1999), cert. den. , 529 U.S. 1067, 120 S.Ct. 1674, 146 L.Ed.2d 483 (2000), while a university campus may be open to the public, "it does not follow that the University must allow all members of the public onto its premises regardless of their conduct." It noted that the United States Supreme Court has *1144 treated university campuses as "different from other public fora." Id. (citing Widmar v. Vincent , 454 U.S. 263, 267 n. 5, 102 S.Ct. 269, 70 L.Ed 2d 440 (1981) ) (recognizing, in dicta , that a university differs in significant respects from other public forums because its mission is education and that the Court's decisions have never denied a university's authority to impose reasonable regulations compatible with that mission upon the use of its campus facilities, nor has it held that a campus must make all of its facilities equally available to students and nonstudents alike or grant free access to all of its grounds or buildings).
In addressing a claim against Oregon State University (OSU) under 42 USC § 1983 (1982) challenging two exclusion orders, the Ninth Circuit observed in Souders that, "[n]ot only must a university have the power to foster an atmosphere and conditions in which its educational mission can be carried out, it also has a duty to protect its students by imposing reasonable regulations on the conduct of those who come onto campus." Id. at 1045. The court concluded that OSU issued the exclusion orders in that case for the valid purpose of protecting its students and not for conduct protected by the constitution, holding that the non-student at issue had "not established a constitutionally protected interest in having access to the University." Id. at 1046.
We do not assume that the discretion of universities to limit public access to their property is unlimited. However, defendant in this case, who undisputedly is not a UO student, has not identified any constitutionally protected reason to be on UO property without prior permission. Indeed, the record indicates that, on one occasion, he was allowed onto the campus with prior permission. In the absence of an identified constitutionally protected interest that is affected by the notice, we have no basis for finding a *824 violation of due process, and the trial court correctly denied the motions for judgment of acquittal.
Affirmed.

Under ECC 4.807, "[a] person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully * * * upon premises."

ORS chapter 164 contains Oregon's criminal trespass statute, ORS 164.245, which has the same language as ECC 4.807.

We reject without written discussion defendant's assertion that the 18-month ban preventing him from being on campus without prior permission was unconstitutional under Article I, section 16, of the Oregon Constitution.